McConnell *vs.* Bryant.

WM. McCONNELL, plaintiff in error, *vs.* STARLING H. BRY-
ANT, defendant in error.

Where the affidavit and counter-affidavit are filed in a proceeding to fore-
close a mill-wright's lien on a mill, and the issue which is formed by
the affidavit, is returned to the Court, and is pending on the appeal,
and at the hearing the defendant is not present; and his counsel aban-
don his case, because their fees are not paid ; the Court should require
the plaintiff to make out his case, as in other cases in default, by *pri-
ma facie* proof of the justice of his claim, before he is permitted to
take judgment; and it is error to order that the defendant's affidavit
be dismissed, and that the execution, which issued upon plaintiff's
affidavit, proceed.

Mill-wright's lien.   Practice.   Decided by Judge POPE.
Fulton Superior Court.   October Term, 1868.

Starling H. Bryant made affidavit that, "as a mill-wright,
he claims a lien on a certain saw-mill" on Terrell creek, on
land lot 248, seventeenth district in said county, "for per-
sonal services and labor performed as such mill-wright, in
the building of said saw-mill for William McConnell;" that
"he claims to be due him as such mill-wright, as' aforesaid,
for such personal service and labor as aforesaid, from said
Wm. McConnell, the owner of said saw-mill," $150 50, etc.

The Justice of the Inferior Court, before whom this affi-
davit was made, ordered the Clerk of said Court to issue a
*fi. fa.* "against said McConnell and said saw-mill" for said
sum and costs.   In what shape the *fi. fa.* issued does not
appear by the record.   To arrest this *fi. fa.*, McConnell
made his affidavit that he did not owe the money claimed by
said Bryant, and that the *fi. fa.* was proceeding illegally,
because it was not in accordance with the statutes for such
cases provided.

The parties were at issue and the cause on the appeal.
When it was called, counsel of record for McConnell stated
that McConnell was not present, had made no arrangements
to pay their fee, and that they would no longer represent him.
Plaintiff's attorney introduced no testimony and took no ver-
dict, but moved to take an order that defendant's affidavit be

dismissed, that the *fi. fa.* proceed as if no defence had been filed, and that plaintiff have leave to enter judgment for costs. The order was granted.

Attorneys, employed since the Court, representing McConnell, appear and say the Court erred in passing said order, in not requiring plaintiff to make out his cause before the jury, in not dismissing the proceeding, because it contained no items or particulars of his said services, and because it did not state that plaintiff is a mill-wright, because the *fi. fa.*, was against the land when the order of the Justice was that *fi. fa.*, should issue against the saw-mill, and because land can not be sold under a *fi. fa.* to enforce a mill-wright's lien.

ARNOLD & BOYLES, for plaintiff in error, cited in support of the 1st and 2d points, Irwin's Code, sections 1970, 1973, 3405; 37 *Ga. R.*, 63; on the 3d ground, Irwin's Code, sections 1969, (3), 3453; 6 *Ga. R.*, 159, 168 (1); 7 *Ga. R.*, 57; 30 *Ga. R.*, 474–(5); 1 *Kelly*, (*Ga.*) *R.*, 317; on the others, Irwin's Code, sections 1973, 1969 (3), 3581; 19 *Ga. R.*, 163.

HILL & CANDLER, for defendant in error, cited Irwin's Code, sections 3616, 4002, 3230, 1962, 559; Act of 1841, Cobb's Dig. 428; 20 *Ga. R.*, 108, and 19 *Ga. R.*, 163.

BROWN, C. J.

The defendant in this case filed the affidavit authorized by the statute, which, with the plaintiff's affidavit, in the language of the statute, formed " an issue to be returned to the Court, and tried as other causes." See Revised Code, secs. 1970, 1972.

When the defendant, McConnell, failed to appear and defend, as the issue was pending in the Court on the appeal, the plaintiff had a right to proceed *ex parte,* to make out his case. But he was bound to make out a *prima facie* case, by evidence to the jury, before he was entitled to a judgment. And after the issue was made up in Court, he had no right to proceed further with his affidavit or execution, till he obtained a judgment, and sued out an execution upon that judgment.

We think the Court erred in ruling that the defendant's affidavit be dismissed, and that the execution proceed, and we, therefore, order that the judgment be reversed, and that the cause be remanded for another hearing.