HABERSHAM *vs.* EPPINGER & RUSSELL.

The counter affidavit to a distress warrant for rent brings the case into the superior court, and when said affidavit is dismissed on motion of the plaintiff, the case passes out of the jurisdiction of the court, and is remanded to the sheriff by operation of law; and the dismis-

sal of the warrant on account of the insufficiency of the plaintiff's affidavit to procure it was unauthorized, there being no longer any case in court.

Distress warrants. Practice in the Superior Court. Before Judge HARRIS. Glynn Superior Court. May adjourned Term, 1878.

Reported in the opinion.

G. B. MABRY, by HOKE SMITH, for plaintiff in error, cited Code, §§4082, 4083, 1898, 1899, 3351, 3576; Cobb's Dig., 589.

GOODYEAR & HARRIS, for defendants, cited 55 *Ga.*, 132; 35 *Ib.*, 173; 17 Ala., 179; 12 Ill., 242; 25 *Ib.*, 251; 45 *Ib.*, 116; 10 Mo., 391; 17 N. H., 235; 3 Peters, 7; 14 Tex., 402; 12 Vt., 674; 3 Strobh., 223; 3 Mo., 207; 8 Jones, 91; 16 Tex., 45; 2 N. J., 75, 137; 3 *Ib.*, 984; 10 *Ib.*, 295; 10 Serg. & R., 257; 6 Munf., 219; 8 Yerg., 101; 8 Mich., 493; Cobb's Dig., 589; Code, §§3504, 4082.

JACKSON, Justice.

This was a warrant issued on the application and affidavit of Habersham against the defendants for rent over-due. The defendants made the counter affidavit authorized by section 4083 of the Code, and the case thus made was returned to the superior court. That court dismissed the counter affidavit on motion of the plaintiff; and then the defendants made a motion to dismiss the plaintiff's case because his affidavit and warrant were insufficient in not setting out the names of the persons who composed the firm of Eppinger & Russell; which motion was granted by the court, and the plaintiff brings this latter ruling here for review.

In our judgment it is the counter affidavit which brings and holds the case in the superior court. Unless that was legal, it was the duty of the sheriff to go on with his levy and sale; and when the court dismissed that counter affida-

vit because it was illegal, the case was no longer in that court, and it had no jurisdiction to pass the order, or render the judgment, dismissing the plaintiff's warrant, or setting it aside.

The case by operation of law was remanded to the sheriff, and the superior court had no jurisdiction of it further.

The plaintiff made the motion to dismiss the counter affidavit, and when the court granted that motion, the only issue for trial made by the Code, section 4083, was out of court, and the case there was at an end.

Judgment reversed.