CHERRY, sheriff, *vs.* WARE.

1. For a tenant holding over to resist a warrant to dispossess by counter-affidavit, it is necessary to give bond and security.
2. The wife of the tenant cannot take a homestead in the premises of the landlord.
3. After a case has been argued and the decision of the court made up, though not delivered, it is too late to withdraw the writ of error. R.

Landlord and tenant. Homestead. Practice in the Supreme Court. Before Judge SIMMONS. Bibb Superior Court. April Term, 1879.

After the argument of this case was concluded, and the decision of the court made up, though not delivered, counsel for plaintiff asked permission to withdraw the writ of error. This the court refused to permit. See 41 *Ga.*, 523. The facts are sufficiently reported in the opinion.

LANIER & ANDERSON, for plaintiff in error.

LYON & GRESHAM, for defendant.

WARNER, Chief Justice.

This was a rule against the sheriff of Bibb county, calling upon him to show cause why he should not be attached for contempt for failing to execute a warrant placed in his hands in favor of Elizabeth Ware against David D. Craig, which warrant was issued against the said Craig as a tenant of the said Elizabeth Ware holding over, under the provisions of the 4077th section of the Code. Upon the hearing of the rule and the sheriff's answer thereto, the court ordered that the rule be made absolute so far as that the sheriff was thereby ordered and directed to proceed to execute said process according to the statute in such case made and provided, whereupon the sheriff excepted.

1, 2. It appears from the record that the defendant, Craig, filed a counter-affidavit, but failed to give bond and security as required by the 4079th section of the Code, but filed a pauper affidavit in lieu thereof. It also appears from the sheriff's answer, that the tenant's wife had applied for and obtained a homestead upon the rented premises, and interposed a claim therefor, of which the sheriff says he had notice, and that he was advised by counsel to return the papers to the court and not execute the warrant. For the tenant's wife to take a homestead on his landlord's proper-

ty, and claim it as her homestead, and thus attempt to defeat the legal process of the landlord to obtain possession of the rented premises, has the merit of *novelty* to say the least of it. The sheriff certainly has no ground of complaint against the judgment of the court rendered in this case. Let the judgment of the court below be affirmed.