## McCULLOCH vs. GOOD, SMALL & COMPANY.

1. The general law providing for affidavits of illegality to executions does not apply to distress warrants for rent, defense to such warrants being specially provided for on condition of giving security for the eventual condemnation money. Where security is not given, the levying officer is not authorized to receive any affidavit, or to return any issue for trial, and if he so do, the court should dismiss the same on motion. After the counter-affidavit is dismissed, both parties are out of court.

2. Only landlords, or those to whom they have duly assigned their liens for rent, can collect by distress warrant; and if other creditors resort to this remedy, they will do so at the peril of answering for all damages.

Landlord and tenant. Distress warrant. Illegality. Before Judge LAWSON. Jones Superior Court. April Term, 1879.

Good, Small & Company sued out a distress warrant against McCulloch for rent. A levy was made and the defendant filed his counter-affidavit setting up that the relation of landlord and tenant did not exist between plaintiffs and himself, and that if they held his rent-note by transfer from his landlord, Middlebrooks, they took subject to the equities existing between him and Middlebrooks, and as he had paid the latter in full, they could not recover.

The defendant, as he alleged in his counter-affidavit, was unable to give bond on account of his poverty, and thus the property levied on remained in the hands of the sheriff.

When the case was called, it being in the superior court on appeal from the county court, plaintiffs moved that the appeal be dismissed because defendant had not replevied the property, and had failed to give bond for the eventual condemnation money, although the property levied on had been sold by order of the county judge, and the proceeds were then in court to answer the final judgment, and although defendant was unable to give bond on account of his poverty. The court ordered that the counter-affidavit be dismissed, and the distress warrant proceed.

The defendant then offered to show that plaintiffs were not his landlords, and were only holders of his note for rent given to his landlord, and therefore had no right to the remedy by distress warrant.

This the court refused to permit. To all of this defendant excepted.

C. L. BARTLETT; R. V. HARDEMAN, for plaintiff in error.

No appearance for defendants.

BLECKLEY, Justice.

1. There is a general system for attacking the legality of "an execution" which has been levied upon property; and a part of that system is, that the defendant may or may not resume possession of the property, at his option. He may either leave the property with the levying officer, or give bond with good security for its forthcoming, and keep it himself pending the proceedings upon his affidavit of illegality. Code, §§3664, 3672. In a broad sense, a distress warrant for rent may be called an execution, but the statutes do not so denominate it; on the contrary, they call it a distress warrant, and a special system is provided for replevying the property and contesting the debt. "The

party distrained may in all cases replevy the property so distrained by making oath that the sum or some part thereof, distrained for, is not due, and give security for the eventual condemnation money; and in such case the levying officer shall return the same to the court having cognizance thereof, which shall be tried by a jury as provided for in the trial of claims." Code, §4083. It is plainly a condition of returning the case for trial, not only that the affidavit shall be made, but that security shall be given for the eventual condemnation money. Here there was no security, and consequently there was no proper case for suspending action by the officer and returning the papers. The counter-affidavit was not duly in court, and when that appeared, to dismiss it was correct practice. *Toomer vs. Mann*, this term.

The offer of the defendant below to adduce evidence in denial of the relation of landlord and tenant, after he had lost all standing in court, was perhaps not serious. If intended as real business, it was simply remarkable. To hear evidence without something to apply it to, would be vain and fruitless labor on the part of a public tribunal. The dismissal of the counter-affidavit put both parties and the whole controversy out of court. 61 *Ga.*, 199.

2. To the argument that unless a poor man, unable to give security, can litigate a distress warrant on a mere affidavit of merits and of his poverty, he is at the mercy of any pretended or real creditor who is bold enough to swear out a distress warrant for rent, we can only answer, as was ruled in *Lathrop & Co. vs. Clewis*, this term, that none but a landlord, or a person to whom his lien has been duly assigned, can have a remedy by distress; and if others resort to it, they will do so at the peril of answering for all damages. 56 *Ga.*, 188.

Judgment affirmed.