## DRAKE *vs.* DAWSON.

1. Though a motion to dismiss a counter-affidavit in a distress for rent takes precedence of a motion to dismiss the warrant, yet where the counter-affidavit is sufficient in law to retain the case in court, the plaintiff is not hurt by the failure to hear his motion first.
2. A counter-affidavit which, besides setting out facts amounting substantially to a good plea of recoupment, follows the statute and alleges " that the sum distrained for or some part thereof is not due," is good, and should not be dismissed.
3. A distress warrant based on the affidavit of John Drake in its recitals, and yet not sworn to by him at all, for the sum claimed is due, but by his attorney, and that only on the best of the attorney's knowledge and belief, is bad, and should be dismissed on motion.

Distress warrant. Practice in the Superior Court. Attorney and client. Before Judge POTTLE. Hancock Superior Court. April Term, 1880.

To the report contained in the decision, it is only necessary to add that the affidavit upon which the distress warrant was issued was as follows :

"GEORGIA—Hancock County.

"Personally came James A. Harley, attorney for John Drake, who being duly sworn deposes and says, that to the best of his knowledge and belief A. Dawson, of said county, is justly indebted, etc. * * *

[Signed] JAS. A. HARLEY, Att'y.

his

JOHN DRAKE."

mark.

"Sworn to and subscribed before me, this Nov. 3, 1879.
[Signed] FRANK L. LITTLE, Judge H. C. C."

The distress warrant recited that, " whereas John Drake has made oath," etc.

JAS. A. HARLEY, by brief, for plaintiff in error.

J. T. JORDAN, for defendant.

JACKSON, Chief Justice.

This was a proceeding to distrain for rent, sued out by the plaintiff in error against the defendant in error, and. brought before the court by counter-affidavit on the part. of the defendant. On motion of the defendant the distress warrant was dismissed on the ground that it was illegally issued on the affidavit of plaintiff, whereas in fact it was not sworn to at all by him but by his attorney, and that only to the best of the attorney's knowledge and belief ; whereupon the plaintiff excepted, and assigns for error :

First, that he had made a motion to dismiss the counter-affidavit, which should have been heard before the defendant's motion to dismiss the warrant ; and, secondly, because the warrant was good and should not have been dismissed.

1. The motion to dismiss the counter affidavit did take precedence, and should have been first heard. 61 *Ga.*, 199.

2. But the failure to hear it did the plaintiff no harm,

because it ought not to have been dismissed.    It set out that the rent was not owing in the very words of the statute, and that was sufficient to  hold  the case in court. 56 *Ga.*, 11.

Moreover, it set  out a substantial plea or answer of re-coupment, by alleging that  plaintiff had failed to comply with his part of  the rent contract in failing to furnish two horses to till the land as agreed upon.    55  *Ga* ,  75,  180; 56 *Ib.*,  11 ;  48 *Ib.*,  172 ;  49 *Ib.* 272.

Therefore, if  the motion  had been heard to‑dismiss it, it should not have been granted, and therefore the refusal to hear it first did not hurt the plaintiff.

3.  The distress  warrant  was  properly  dismissed.    It purported to be issued on the oath of  plaintiff in *propria persona*, but is not.    His name is to the affidavit  to dis-train,  and  a place is left for his mark, but it is not filled, and he does not sign or make his mark to it.    This alone is ground strong enough to sustain the  judgment  of  dis-missal and could  hardly  be cured by a good affidavit  by the agent or attorney.    But the attorney's affidavit is bad. He only swears to what his client's claim  is  *to the best of his knowledge and belief.*

He should have known what amount his client *claimed.* All that the statute requires in the affidavit, either of par-ty or agent or attorney, is the sum *claimed.*   Code, §4082. And if he did not know what the client claimed, he ought to have asked him that simple question  before he  took the oath.    Besides, these summary proceedings should be based generally on knowledge, not  mere  belief.    Unless arrested by counter-affidavit, the  process issued on  them is final and levy and  sale are the  immediate results.    58 *Ga.*, 446.

Judgment affirmed.