## ANDERS *vs.* BLOUNT?

1. Where an affidavit to obtain a distress warrant stated that certain rent was due, a counter-affidavit which denied that the sum distrained for was due, was not demurrable. If the landlord desired to distrain before the rent was due, his affidavit should have stated the ground therefor.
2. When a counter-affidavit to a distress warrant has been dismissed, the case is out of court, and a judgment for the plaintiff for the amount of rent claimed cannot be rendered.
3. Since the constitution of 1877 judgment by the court can only be rendered where the suit is on an unconditional contract in writing.

Distress Warrants. Landlord and Tenant. Practice in Superior Court. Judgments. Before Judge HOOD. Decatur Superior Court. May Term, 1881.

Blount made affidavit to obtain a distress warrant, stating that there was due him by Anders for rent $98.00.

The latter filed a counter-affidavit denying that the sum distrained for was due, and gave the usual security. On oral demurrer, the court dismissed the counter-affidavit, and rendered judgment for the plaintiff for the amount claimed by him. Defendant excepted.

TERRELL, GURLEY & MORRISON, for plaintiff in error.

No appearance for defendant.

JACKSON, Chief Justice.

1. The landlord may distrain for rent as soon as the same is due, or before due if the tenant is seeking to remove his goods from the premises. In this case the landlord does not make affidavit that the tenant is seeking to remove his goods, but simply swears that the rent is due. To this the counter-affidavit of defendant is in the words of the statute that the sum distrained for is not due, and defendant gave bond and security for the eventual condemnation money. Code, §4083.

Therefore, it was error to dismiss the counter-affidavit.

2. After dismissing the counter-affidavit, the court gave judgment for the plaintiff against defendant and his surety on the bond. This was also error, because the entire case was out of court when the counter-affidavit went out. 61 *Ga.*, 199; 63 *Ib.*, 519.

3. Besides, the record does not show that the case was founded on an unconditional contract in writing, and if not, the court should not have entered up the judgment without proof before a jury. Constitution, 1877; Sup. to Code, §624.

Judgment reversed.