### GIRTMAN vs. STANFORD.

1. Where the affidavit to obtain a distress warrant alleged that certain rent was due, and a counter-affidavit was filed which stated that the sum distrained for was not due, it was in accordance with the statute, and was not demurrabl e.
2. When a counter-affidavit to a distress warrant has been dismissed on motion of plaintiff, the case passes out of the jurisdiction of the court, and a judgment for the rent claimed cannot be rendered.

Distress Warrant. Landlord and Tenant. Practice in Superior Court. Judgments. Before Judge HOOD. Decatur Superior Court. May Term, 1881.

Reported in the decision.

TERRELL, GURLEY & MORRISON, by JACKSON & LUMPKIN, for plaintiff in error.

No appearance for defendant.

SPEER, Justice.

A distress warrant was issued in favor of defendant in error against plaintiff in error for four bales of low middling cotton, alleged to be worth one hundred and eighty dollars. To this warrant plaintiff in error filed a counter-affidavit. On the trial, defendant in error demurred to the counter-affidavit, which demurrer the court sustained, and dismissed the affidavit.

Defendant in error then moved to enter up judgment against plaintiff in error without evidence, or without submitting the same to a jury, to which plaintiff in error objected. The objection was overruled, and the court allowed judgment to be entered against the plaintiff in error, and his security on his bond for the amount of his alleged debt, with interest and cost.   To these judgments of the court plaintiff in error excepted and assigns the same as error.

1. The counter-affidavit, made by the plaintiff in error to the distress warrant, sworn to by him, alleged " that the sum distrained for under a warrant issued in favor of U. S. Stanford against deponent, for one hundred and eighty dollars, alleged to be due said U. S. Stanford by deponent, *is not due.*"

The Code, §4083, declares : " The party distrained may in all cases replevy the property so distrained, by making oath that the *sum, or some part thereof,* distrained for is not due," and give security for the actual condemnation money, etc.

Under this section, the defendant may arrest the warrant, either by swearing that the sum distrained for is not due, or that some part thereof is not due ; and, in examining the record, we are of opinion that the counter-affidavit was in full, if not in literal, compliance with the statute. He swore "the sum distrained for was not due ;" and that is what the statute required him to do.   We are of opinion the court erred in sustaining the demurrer and dismissing the affidavit.

2. As to the other assigned error, that after said affidavit was dismissed the court allowed the defendant in error to enter a judgment, without evidence and without a jury, against the plaintiff and his security on the replevy bond, this court has ruled, " the counter-affidavit to a distress warrant for rent brings the case into court, and when said affidavit is dismissed on motion of the plaintiff, *the case passes out of the jurisdiction of the court,* and is remanded

to the sheriff, by operation of law, there being no longer any case in court." 61 *Ga.*, 199; 63 *Ib.*, 519.

Let the judgment of the court below be reversed on both of the grounds taken in the assignments of error.

Judgment reversed.