GLOVER *et al. vs.* GORE *et al.*

1. Where trover was brought for four bales of cotton which had been grown on a plantation, and bail process was sued out, and defendants being unable to give bond, plaintiff took possession of the crop and gave bond in double the sworn value of the property, conditioned to restore it to the defendants in case he failed to make good his claim thereto, and where, upon the trial of the trover case, being about to be non-suited, the plaintiff dismissed his action, this amounted to a judgment for the restitution of the property to the defendants, which bound both the plaintiff and the surety on his bond, and estopped them from litigating about the title to the property until it had been surrendered, in accordance with the condition of the obligation, and the defendants in the trover suit could proceed on the bond to recover the value of the property.

(*a.*) To such a suit, a plea of set-off, alleging damages resulting from keeping the defendant (the plaintiff in the trover suit) out of possession of the rented premises on which the crop was raised and from the appropriation of the crop planted thereon, was not properly allowed. Such matters were the foundation on which the title to the property in controversy rested, and were necessarily included in the judgment in the trover suit.

2. Had the property remained in the hands of the sheriff, the expense of taking care of and securing it would have been properly chargeable as a part of the costs of the suit, and judgment for them would have been awarded against the party cast; but where the defendants in trover failed to give bond in response to bail process sued out by the plaintiff, and the latter gave bond and took charge of the property, but subsequently dismissed his action of trover, in a suit on the bond so given, he could not set off the expenses of gathering the crop.

March 17, 1885.

Trover.  Principal and Surety.  Set-off.  Judgments. Bonds.  Costs.  Before Judge HARRIS.  Douglas Superior Court.  July Term, 1884.

Reported in the decision.

THOS. W. LATHAM; J. S. JAMES, for plaintiffs in error.

No appearance for defendants.

HALL, Justice.

This record furnishes an instance of the oppression that may be practiced for a time, under the forms of law, upon indigent litigants, and admonishes the judicial tribunals of the country to watch narrowly such proceedings, and afford prompt redress for wrongs inflicted by the abuse of their processes.

Margaret Glover, in the year 18——, rented her farm to her minor sons, M. J. and J. B. Glover, who set about preparing it to plant a crop; before they had made much progress in their preparation, she, without obtaining their full consent, made an agreement with the defendant to cultivate it for the year, and he planted some seed and pitched a crop, when he was ousted; he applied for redress of the wrong which he alleged he had suffered; and it seems to have been agreed between him and Mrs. Glover that he would give up the possession, and that the compensation to which he was entitled for planting the crop, furnishing seed, etc., should be submitted to arbitration; there was a parol submission and the arbitrators awarded him $9.25, which he refused to accept, unless the other party would pay $10.00 counsel fees, which he incurred for advice and services relative to his rights in the matter. The adverse party tendered the amount of the award, which he rejected, because of the refusal to pay the counsel fees. Here the matter seems to have rested until the close of the season, when the crop planted by him in part, and cultivated by the Glovers, on the land had matured, and one bale of the cotton had been gathered; he then instituted his suit against the mother and her sons for the recovery of four bales of cotton which had been grown on the place; in this suit bail was required; the affidavit for bail alleged that the cotton sued for was worth $200.00. The process was served, and the defendants being unable to give the bail, the plaintiff took possession of the crop, and gave his bond in the sum of four hundred dollars con-

ditioned to restore the property to the defendants in case he failed to make good his claim to the property in dispute. When this case was called, and the parties had announced ready, the trial proceeded, and the plaintiff therein failing to make out his title to the cotton, was about to be non suited, and thereupon he voluntarily dismissed his action. After the termination of the suit, the defendants in the same demanded the restoration of the property in controversy, and the opposite party failing to comply with their demand, they brought suit upon the bail bond given by the plaintiff in the action of trover and bail, and alleged therein his failure to respond to their demand and his conversion of the cotton to his own use, as a breach of the condition of this bond. To this suit the defendant pleaded the general issue and what he claims to be a set-off. In this last plea, he alleges the insolvency of each of the plaintiffs, and claims that they injured him one hundred dollars by ejecting him from and keeping him out of the premises he rented from them, and by appropriating to themselves the crop he had planted thereon.

The jury, under the charge of the court, found for the plaintiff $38.10, with cost.

On the trial, the defendant, over the objection of plaintiff's counsel, was allowed to prove the expense of gathering and preparing the cotton for market, most of which was in the field. This amount so proved, together with the damage pleaded, seems to have been deducted from the proved value of the cotton which was converted by the defendant, and for the forthcoming of which the bond sued on was given. To these decisions the plaintiffs excepted, and these exceptions make the questions for determination.

1. Where a party is arrested and the property in dispute is seized under bail process, in an action for its recovery, he is at liberty to release the property from the custody of the officer by giving bond and security, payable to the plaintiff, " to answer such judgment, execution or

Glover *et al.* *vs.* Gore *et al.*

decree as may be rendered or issued in the case," and the surety becomes thereby bound for the eventual condemnation money, and judgment in that case may be entered up against both the principal and surety for the amount so recovered. Code, §3419. But if the defendant fails to give the security, then the property is to be seized and delivered over to the plaintiff, "upon his entering into like recognizance with security." - *Id.*, §3420. In a case where this state of things existed, it was held by the majority of this court that the dismissal of the suit by the plaintiff was a breach of the condition of the bond, and gave the defendant a right to proceed with a suit to recover the value of the property that the makers of the bond obligated themselves to have forthcoming; that the abandonment of the suit and judgment entered thereon for cost was equivalent to a writ of restitution at the common law. It seems to have been conceded by the entire court that the defendant, when the plaintiff dismissed his case, might have entered up a judgment for restitution, or have had the writ of restitution without such a judgment, but the dissenting judge was of opinion that, without the judgment or writ of restitution, there was no complete breach of the condition of the bond, entitling the payee to bring his action; while the majority were of opinion that neither the one nor the other was an indispensable prerequisite to the bringing of the suit, and they deemed such a requirement inexpedient, as in many instances it would amount to a denial of the redress which the statute contemplated,—that practically "it would be taking part with one who, armed with wealth alone, had abused the very law itself, to wrench from the hand of poverty what was perhaps its all." 25 *Ga.*, 359, 361, 362, 363. This, then, is the equivalent of a judgment of restitution in favor of the defendant in the trover suit, and binds both the plaintiff and his surety. This court has held that the bail takes the fortunes of his principal, and is bound equally with him by the judgment in the main action, and that he can

no more go behind this judgment than can the principal. 61 *Ga.*, 544, 545. The parties are estopped from litigating about the title to the property until they have surrendered it, in accordance with the condition of their obligation, 22 Ala., 361; 3 Stewart & Porter, 421; 4 *Id.*, 168; Drake on Attachments, §339, and citations in notes. If this be the correct rule of law applicable to such cases, then there was error in allowing any portion of the defendant's plea of set-off. The matters involved in that plea were the very foundation on which the title to the property in controversy rested, and were necessarily included in the judgment in favor of the defendants in the trover suit.

2. Was the court right in charging the plaintiffs with the expense of gathering this crop? We think not. Had the property remained in the hands of the sheriff, the expense of taking care of and securing it would have been properly chargeable as a part of the costs of the suit, and judgment for them would have been awarded against the party cast.

By setting up this unfounded claim, the defendant deprived the plaintiffs of the power of harvesting their crop and employing their time and personal labor to that end. This error is, as it seems to us, manifest. And as these points will control the case on another hearing, it is unnecessary to decide other questions made in this record.

Judgment reversed.