## CLARK vs. LEE.

Where a dispossessory warrant has been sued out by the plaintiff, and a counter-affidavit has been interposed by the defendant and has been dismissed, while a motion to reinstate it is pending, the court has no jurisdiction to entertain a motion by defendant to dismiss the warrant. Wherever the counter-affidavit is so defective as not to make any issue, or when it has been dismissed by the court, the whole case goes out; by operation of law the warrant is withdrawn and returns into the hands of the sheriff or other officer to whom it is directed.

April 23, 1888.

Dispossessory warrant. Jurisdiction. Practice in superior court. Counter-affidavit. Before Judge MARSHALL J. CLARKE. Fulton superior court. October term, 1887.

Reported in the decision.

GEO. S. THOMAS, for plaintiff.

BRAY & MITCHELL, for defendant.

SIMMONS, Justice.

It appears from the record in this case that on February 8th, 1883, Thomas Clark made an affidavit alleging that he had rented a certain house and lot to Thomas Lee, and that the term of renting had expired; upon which affidavit the magistrate issued a warrant to dispossess Lee of the premises. On February 12th, Lee filed a counter-affi-

davit denying that he was a tenant of Clark, or that the rent was due, and gave bond in terms of the law. This affidavit of Lee was not attested or signed by the magistrate before whom it purported to be taken. On July 2d, 1883, Clark filed a motion to dismiss the counter-affidavit, on the ground that the security on the bond was insolvent. It is inferable from the record that the judge in the court below ordered Lee to renew or strengthen his bond, because the record shows that on the 20th of July, 1883, the judge passed an order reciting that Lee in the former order had been allowed ten days in which to give other and good security, and that the ten days having expired and the order not having been complied with, on motion of Clark, the clerk of the court was ordered to allow Clark to take his affidavit and warrant in said case from the office, and to execute the same; and the counter-affidavit was dismissed. On June 5th, 1884, the judge passed an order reinstating the counter-affidavit of Lee. On June 11th, the judge passed an order again dismissing this counter affidavit. A second motion to reinstate the counter-affidavit was made by Lee, and on the same day, June 11th, the judge granted a rule *nisi* for the plaintiff, to show cause why the case should not be reinstated. The case seems to have been continued from time to time by orders of the court, until November 14th, 1887, when Clark answered the rule, and set up several grounds in his answer why the case should not be reinstated. When the case was called the last time for hearing by the judge below, Lee made a motion to dismiss the warrant of the plaintiff, on the ground that the affidavit was defective; which motion was granted by the judge on November 16th, 1887. The plaintiff filed his bill of exceptions, alleging as error the judgment of the court dismissing the affidavit and warrant to dispossess the defendant.

It will be observed from the facts above recited, that the counter-affidavit of Lee had been dismissed by the court, and that a motion to reinstate the same was pending

before the court when this motion to dismiss the plaintiff's warrant was made by the defendant. The error assigned is, that the counter-affidavit having been dismissed, and not having been reinstated when this motion was made to dismiss the plaintiff's warrant, the court had no jurisdiction to entertain the motion.

We think the point is well taken. The counter-affidavit is the means of bringing the case into the superior court, and giving that court jurisdiction of these kind of cases. Whenever the counter-affidavit is so defective as not to make any issue, or when the same has been dismissed by the court, the whole case goes out of court. There is no case for the court to try. By operation of law the warrant is withdrawn from the court, and returns into the hands of the sheriff or other officer to whom it is directed. In the case of *Habersham vs. Eppinger & Russell,* 61 *Ga.* 199, this court held, that it is the counter-affidavit which brings the case into the superior court, and " unless that was legal, it was the duty of the sheriff to go on with his levy and sale; and when the court dismissed that counter-affidavit because it was illegal, the case was no longer in that court, and it had no jurisdiction to pass the order or render the judgment dismissing the plaintiff's warrant or setting it aside. The case, by operation of law, was remanded to the sheriff, and the superior court had no jurisdiction of it further." See also *Drake vs. Dawson,* 66 *Ga.* 174.

The counter-affidavit in this case having been dismissed by the court, and not having been reinstated, under the rulings in these cases, the judge below erred in dismissing the plaintiff's warrant. We presume that the attention of the learned judge, who tried this case in the court below, was not called to the decisions above cited.

Judgment reversed.