CLARK *v.* LEE *et al.*

The condition of a bond given by a tenant on interposing a counter-affidavit to the execution of a dispossessory warrant sued out by his landlord, being that he should pay to the plaintiff whatever sum, with costs, the plaintiff should recover against him on the trial of the case between them, a declaration on the bond which alleges no judgment of recovery and failure to pay, sets out no cause of action; although it appears that the counter-affidavit was dismissed as defective, and that the warrant was executed.

October 10, 1890.

Bonds. Landlord and tenant. Dispossessory warrant. Pleadings. Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1890.

Reported in the decision.

G. S. THOMAS and HARRISON & PEEPLES, for plaintiff. No appearance for defendants.

SIMMONS, Justice.

Clark sued Lee, Hamilton, Cooper and Peel, making in his petition the following allegations, in substance: In March, 1882, Lee went into possession of certain described realty as a tenant of petitioner, agreeing to pay a certain monthly rental. In January, 1883, Lee being in arrears for rent, petitioner demanded the rent due, and Lee failing to pay, demanded possession of the premises, which Lee refused to deliver. On February 8, 1883, petitioner commenced proceedings before a magistrate against Lee as a tenant holding over, and copies of the affidavit of petitioner and the dispossessory warrant sued out thereon are annexed to the petition.

On February 12, 1883, Lee made and delivered to the officer who was executing the warrant, a pretended counter-affidavit, and also delivered to him a certain writing, pretending that it was a bond with good security, payable to petitioner for such sum as might be recovered against Lee on the trial of the case in terms of the law, as required in section 4079 of the code. After a long litigation about this matter, Lee was finally ejected, and Clark brought suit upon the bond to recover damages for a breach thereof. The case came on for trial, and counsel for the defendants demurred to the same; and the demurrer was sustained and the case dismissed. The able and learned judge who decided the case in the court below, delivered his opinion in writing and had it attached to the record. We have examined the opinion, and with the exception of a few verbal changes, adopt it as the opinion of this court. It is as follows:

The question to be determined by the court is, whether or not, under the facts stated in the declaration, there has been any breach of the bond sued upon. Whether there has been a breach of such bond or not must depend, of course, upon the condition of the bond, and upon what has taken place between the parties thereto. The condition of the bond is, that the obligor shall pay to the plaintiff in the suit whatever sum, with costs, the plaintiff shall recover against the defendant on the trial of the case between these two parties. The case made between them is as to whether or not the defendant is a tenant of the plaintiff. If on the trial of this issue it is determined adversely to the defendant, then it is the right of the plaintiff to recover of the defendant, by the verdict of a jury, double the amount of rents stipulated to be paid by the defendant to the plaintiff; or, if there be no contract as to rents, double what the premises are shown to be worth

for rent. What I have stated shows the condition of the bond. Now what has taken place?

When this case came up for trial, the defendant's affidavit was dismissed on account of some defect in it. Nothing further was done. The case then in legal effect left the court. There was no obstruction to the execution of the warrant. The warrant was in point of fact executed. There certainly has, therefore, been no breach of the bond in terms,—that is, no failure by the obligors to pay the plaintiff the sum recovered by him on the trial of the case. It is claimed on the part of the plaintiff, however, that this judgment by which the defendant's affidavit was dismissed from the court, was equivalent to a judgment of recovery, and that, accordingly, there has been a breach of the bond in substance. To support this view the plaintiff has cited three cases, to wit, 25 *Ga.* 359; 74 *Ga.* 680; 77 *Ga.* 24. These are cases in which it was determined that where, in an action of trover, the defendant does not give bond for the property (bond being required), and the plaintiff does give bond, and the plaintiff afterwards voluntarily dismisses his action of trover, this dismissal amounts to a breach of the bond. It is held to be a breach of the bond because, in the opinion of the Supreme Court, the dismissal amounts to a judgment of restitution—that is, a judgment that the property be restored to the defendant in the action. It is held that this is the effect of the judgment without anything more being done; that the judgment *per se* has that operation in law. The effect of the judgment rendered in this case, dismissing the defendant's affidavit, is altogether different. What that effect is the Supreme Court has clearly stated in this very case when before it for review. (80 *Ga.* 619.) This is the language of the court. "The counter-affidavit is the means of bringing the case into the superior court, and giving that court jurisdiction of

that kind of cases. Whenever the counter-affidavit is so defective as not to make any issue, or when the same has been dismissed by the court, the whole case goes out of court. There is no case for the court to try. By operation of law the warrant is withdrawn from the court, and returns into the hands of the sheriff or other officer to whom it is directed. In the case of *Habersham* v. *Eppinger & Russell*, 61 *Ga.* 199, this court held that it is the counter-affidavit which brings the case into the superior court; and 'unless that was legal, it was the duty of the sheriff to go on with his levy and sale; and when the court dismissed that counter-affidavit because it was illegal, the case was no longer in that court, and it had no jurisdiction to pass the order, or render the judgment, dismissing the plaintiff's warrant or setting it aside. The case, by operation of law, was remanded to the sheriff, and the superior court had no jurisdiction of it further.' "

Now in the trover case, the effect of the judgment, as I have said, is to entitle the defendant at once to an order for the restitution of the property. The plaintiff in the trover case having engaged by his bond to restore it, there is a breach of the bond whenever there is a judgment for its restoration, and a failure to restore. In this case the plaintiff was entitled to recover of the defendant such a sum of money as the jury might find the plaintiff was entitled to upon exhibition of his proof, and upon its being established that the defendant was the tenant of the plaintiff. It is only after such a judgment of recovery has been had and there is a failure to pay, that the condition of the bond has been broken. The plaintiff therefore has no cause of action on the bond. The declaration alleges no recovery whatever, not even for costs. Had costs been recovered and not paid, there would have been a liability upon the bond to that extent. *Judgment affirmed.*