Griggs *et al. v.* Willbanks.

Simmons, C. J.—The dismissal of a counter-affidavit to a distress warrant leaves nothing to be tried, and the distress warrant at once becomes again operative as final process. This being so, a verdict and judgment rendered upon a distress warrant against the defendant therein and the sureties on his bond for the eventual condemnation money, after the dismissal of the counter-affidavit, was void; and an illegality filed by the sureties to the enforcement of an execution issued upon such judgment was rightly sustained. *Habersham* v. *Eppinger*, 61 *Ga.* 199; *McCulloch* v. *Good*, 63 *Ga.* 519; *Anders* v. *Blount*, 67 *Ga.* 41; *Girtman* v. *Stanford*, 68 *Ga.* 178.

March 25, 1895. Brought forward from the last term. *Judgment affirmed.*

Affidavit of illegality. Before Judge Wellborn. Habersham superior court. March term, 1894.

Plaintiffs sued out a distress warrant for $350 claimed to be due for rent of a hotel and furniture. Defendant filed a counter-affidavit, and gave a bond for the eventual condemnation money, with Willbanks and others as securities thereon. The trial resulted in a verdict for the full amount claimed by plaintiffs, and judgment denying a new trial was reversed by the Supreme Court. 88 *Ga.* 232. When the case came on for trial in the superior court, counsel for defendant agreed with counsel for plaintiffs, that if they would accept a verdict for $305, they might have it without further trouble or proof. Thereupon plaintiffs' counsel took an order dismissing defendant's affidavit and plea; and took a verdict and judgment against defendant as principal, and Willbanks and others as securities on replevy bond, for $305 principal, besides interest and costs. This was done without the knowledge or consent of Willbanks, who

was not present nor represented. Execution issuing from the last mentioned judgment having been levied on his property, he filed an affidavit of illegality upon the facts recited. It was sustained, and plaintiffs excepted.

W. T. CRANE, C. H. SUTTON and W. I. PIKE, for plaintiffs. JONES & BOWDEN, by M. G. BOYD, for defendant.