## MURPHEY *v.* McGOUGH.

1. The proprietor of a sawmill has a lien on the product of the mill for work done on material furnished by others.
2. A counter-affidavit interposed to the foreclosure of such a lien, which in terms neither admits nor denies the indebtedness set forth in the affidavit of foreclosure, does not make an issue which can be tried, and should be dismissed on motion.
3. When a counter-affidavit to the foreclosure of a lien of the character above referred to has been dismissed on motion of the plaintiff, the case passes out of the jurisdiction of the court, and the process is remanded to the levying officer by operation of law.

Submitted October 17, — Decided November 19, 1898.

Foreclosure of lien. Before Judge Smith. Monroe superior court. August term, 1898.

*Persons & Persons,* by *Hugh M. Dorsey,* for plaintiff in error. *Cabaniss & Willingham,* contra.

Cobb, J. The plaintiffs, sawmill men, foreclosed a lien against Addie A. Murphey. To the levy of an execution under such foreclosure she interposed a counter-affidavit, in which she alleges that she "can neither deny nor affirm that portion of

plaintiff's affidavit of foreclosure wherein it is alleged that she is indebted to them" in the amount named in the affidavit. · The counter-affidavit then proceeds to give various reasons why she can not deny the indebtedness and why she does not affirm it, and alleges that she has sustained damage at the hands of the plaintiffs, and prays that she may be allowed to recoup for the amount due against them. The sheriff accepted the counter-affidavit, and also a bond for the eventual condemnation-money, which was given to him at the same time, and the papers were returned by him to the superior court for trial. When the case came on for trial a motion was made by the plaintiff to dismiss the counter-affidavit, on the ground that it did not comply with the terms of the statute, in that it did not deny the indebtedness alleged to be due in the affidavit of foreclosure. This motion was sustained by the court and the counter-affidavit dismissed, and this is assigned as error. Plaintiffs then proceeded to prove their claim before a jury, and at the close of the evidence offered, the defendant made a motion to "dismiss the plaintiffs' lien, upon the ground that no such lien was provided by law, and that the same was illegally foreclosed." This motion was denied by the court, and this ruling is assigned as error. By direction of the court a verdict was rendered for plaintiffs for the amount claimed in the foreclosure proceeding, and upon such verdict a judgment was entered against the defendant and the sureties upon the eventual condemnation-money bond, for the amount claimed by the plaintiffs. This is also assigned as error.

1. The first question to be determined in this case is: Has the proprietor of a sawmill a lien upon the product of the mill for work done on material furnished by others? It is provided by law that "Proprietors of planing-mills and other similar establishments shall have the same lien as provided in section 2805, for work done on material furnished by others, and when they furnish material they shall have the same liens provided in section 2801 for materialmen; and proprietors of sawmills, when furnishing material for the improvement of real estate, to purchasers from them for that purpose, shall be entitled to the lien provided in said section 2801, to be governed, when the same are applicable, by the rules laid down in said section 2801." Civil

Code, §2807. If there could be any doubt as to whether a saw-mill is a "similar establishment" to a planing-mill, we think this doubt is entirely removed when we consider the section above quoted as a whole. By this section proprietors of planing-mills and similar establishments are given a lien for work done on material furnished by others, and also on material furnished by themselves; and the latter part of the section, in effect, says that proprietors of sawmills, that is, that particular class of the similar establishments referred to in the first part of the section, shall also have a lien upon real estate under certain conditions.

2. There was no error in dismissing the counter-affidavit. The counter-affidavit must either contest the amount or justice of the claim, or the existence of the lien; it being necessary that the counter-affidavit shall set forth " the ground of such de-nial." The counter-affidavit in the present case neither admits nor denies the amount or justice of the claim, and was therefore properly dismissed. Civil Code, § 2816 (6).

3. The counter-affidavit having been dismissed, the court should not have proceeded further with the trial of the case. Therefore whatever was done after the counter-affidavit was dis-missed was nugatory. A valid counter-affidavit is essential to give the court jurisdiction of cases of this character, and after the counter-affidavit has been held to be invalid the only valid judgment that can be entered by the court is, that the execution which was arrested in its progress by the illegal counter-affi-davit be returned to the levying officer, and that he proceed to enforce the same. Civil Code, §2816 (6), declares that "If the person defendant in such execution, or any creditor of such de-fendant, contests the amount or justice of the claim, or the ex-istence of such lien, he may file his affidavit of the fact, setting forth the ground of such denial, which affidavit shall form an issue to be returned to the court and tried as other causes." In the case of *McConnell* v. *Bryant, 38 Ga.* 639, an affidavit and counter-affidavit filed in a proceeding to enforce a millwright's lien were returned to court in order that the issue thus formed might be tried. At the hearing the defendant was not present, and his counsel had abandoned his case. It was held that the court should require the plaintiff to make out his case, as in

other cases in default, by prima facie proof of the justice of his claim, before he be permitted to take judgment, and that it was error to order the defendant's affidavit to be dismissed and that the execution which was issued upon plaintiff's affidavit proceed. In this case there was a valid counter-affidavit, but the defendant was not in court to insist upon his defense, and therefore the court had jurisdiction to try the case, and if it should be determined that the plaintiff's demand was just, and under the law he was entitled to a lien, a judgment in his favor would have been lawful. It is to be inferred from the headnote and the opinion in that case that the only reason that the order of the court directing the execution to proceed was held illegal was, that there was a valid counter-affidavit on the files of the court, which retained the case there for determination, and if the affidavit had been dismissed, that the order entered in that case might have been proper. We are aware that the precise question involved in the present case has never been decided, so far as the foreclosure of liens of the character now involved is concerned. But we think that the decisions of this court dealing with the subject in cases where a process may be arrested by similar affidavits are controlling upon the question. The law provides that the defendant in a distress warrant may replevy the property distrained by making oath that the sum distrained for, or some part thereof, is not due, and giving security for the eventual condemnation-money, and "in such case the levying officer shall return the same to the court having cognizance thereof, which shall be tried by a jury as provided for in the trial of claims." Civil Code, § 4819. In *Habersham* v. *Eppinger,* 61 *Ga.* 199, it was held that "the counter-affidavit to a distress warrant for rent brings the case into the superior court, and when said affidavit is dismissed on motion of the plaintiff, the case passes out of the jurisdiction of the court, and is remanded to the sheriff by operation of law; and the dismissal of the warrant on account of the insufficiency of the plaintiff's affidavit to procure it was unauthorized, there being no longer any case in court." To the same effect is *McCulloch* v. *Good,* 63 *Ga.* 519. In the case of *Anders* v. *Blount,* 67 *Ga.* 41, after dismissing the counter-affidavit the court gave judgment

for the plaintiff against the defendant and the surety on his bond, and this was held by this court to be erroneous, "because the entire case was out of court when the counter-affidavit went out." To the same effect is *Girtman* v. *Stanford,* 68 *Ga.* 178. See also *Drake* v. *Dawson,* 66 *Ga.* 174. When a landlord procures a warrant to dispossess a tenant, the law provides that the tenant may arrest the proceedings by a counter-affidavit. When such counter-affidavit and the bond provided by law are delivered. to the officer who is executing the warrant to dispossess, such officer is required to "return the proceedings to the next superior court of the county where the land lies, and the fact in issue shall be there tried by a special jury as in case of appeal." Civil Code, §§4815, 4816. In the case of *Clark* v. *Lee,* 80 *Ga.* 617, it was held that where a counter-affidavit under the law above referred to was dismissed, the entire case was out of court, and the warrant returned to the hands of the sheriff by operation of law. Justice Simmons, in the opinion, uses this language: "The counter-affidavit is the means of bringing the case into the superior court, and giving that court jurisdiction of this kind of cases. Whenever the counter-affidavit is so defective as not to make any issue, or when the same has been dismissed by the court, the whole case goes out of court. There is no case for the court to try. By operation of law the warrant is withdrawn from the court, and returns into the hands of the sheriff or other officer to whom it is directed." While the language in the sections relating to the subject of counter-affidavits in the three different proceedings alluded to is not identical, the purpose of the law in each case is the same, that is, the process issued in behalf of the moving party is final process until arrested by a legal counter-affidavit. When so arrested it becomes mesne process, and the case must be determined by the court upon the issue thus made. If what is interposed as a counter-affidavit is not such in law, the character of the process does not become changed, but remains final, and the court should deal with it as such, and simply order the process to be returned to the hands of the officer authorized by law to execute it. In the present case the counter-affidavit having been properly dismissed, the court had no jurisdiction to try the case. The verdict and judg-

ment rendered is a nullity, and the execution issued upon the foreclosure of the lien should be again placed in the hands of the levying officer to be enforced according to law.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*