## YANCEY v. KARWISCH.

1. Where an affidavit was made for the purpose of having an intruder on land evicted therefrom, under the Civil Code, § 4808, and a counter-affidavit was interposed, and the papers returned to the superior court for trial, upon the call of the case it was error to dismiss the counter-affidavit because of non-appearance of the defendant.
2. When the counter-affidavit was dismissed, no case was left in court to be tried; and it was error to allow the plaintiff thereafter to proceed to introduce evidence and to take a verdict and judgment.

Argued November 20,—Decided December 21, 1907.

Eviction of intruder. Before Judge Pendleton. Fulton superior court. May 24, 1907.

*W. C. Munday* and *Hines & Jordan,* for plaintiff in error.

*W. H. Terrell,* contra.

LUMPKIN, J.   H. Karwisch made affidavit, alleging that he in good faith claimed the right of possession of a certain described strip of land; and that it was in the hands of Mrs. Mary Yancey, who did not in good faith claim a right to the possession of such property, and yet refused to abandon the same. This affidavit was placed in the hands of the sheriff of Fulton county, for the purpose of having Mrs. Yancey ejected as an intruder, under the Civil Code, §4808. The defendant delivered to the sheriff a counter-affidavit stating that she did in good faith claim a legal right to the possession of the land described in the affidavit of Karwisch; and also that the case involved the same issue that had previously been tried in the superior court, and determined in her favor. The papers were returned to the superior court for trial. When the case was called the defendant did not appear, and the presiding judge dismissed the counter-affidavit on the ground that she failed to appear to prosecute it. After this the court permitted the plaintiff to proceed with the trial, and a verdict was rendered in favor of the plaintiff, and a judgment was entered that he should recover of the defendant possession of the premises described. The defendant excepted and assigned error on the dismissal of her counter-affidavit; and also because the court, after such dismissal, allowed the plaintiff to proceed with the trial and to obtain a verdict and judgment against her.

1. Where the plaintiff makes and places in the hands of the sheriff an affidavit in terms complying with the statute, for the purpose of ejecting an intruder, the sheriff is required at the earliest practicable day to exhibit such affidavit to the person described as being in possession of the land, and to turn such person out of possession, unless a counter-affidavit is tendered to him. If a counter-affidavit is tendered, it is the duty of the sheriff not to turn the party out of possession, but to return both affidavits to the clerk of the superior court of the county where the land lies; "the contending parties shall be remitted to their respective rights;" and upon the affidavits "an issue shall be made up and tried by a jury, according to the laws of this State." Civil Code, §§4808, 4810. When the affidavits have been returned to the superior court, the person seeking to have the alleged intruder

evicted occupies a position analogous to that of a plaintiff in an ordinary proceeding, and the person filing the counter-affidavit a position similar to that of a defendant. When the case is reached for trial, the burden of proof is upon the plaintiff. The defendant's counter-affidavit should not be dismissed for want of prosecution, or because the defendant does not appear. Here the defendant, in addition to the statutory denial of the allegation in the plaintiff's affidavit, pleaded a former adjudication; but this added allegation did not destroy the effect of her compliance with the statute, which sufficed to cause the affidavits to make a case for trial in the superior court. Dismissal of a case for want of prosecution is applicable to the party whose duty it is to prosecute, not to one who stands on the defensive by denying the plaintiff's alleged right of recovery. There may be cases where a defendant sets up a cross-action, or assumes the position where the duty of moving properly devolves upon him; but this is not one of them. The ruling of the court in this case was somewhat like that sought in the case of *Andrews* v. *Andrews,* 85 *Ga.* 276 (11 S. E. 771), where a motion was made to strike a plea because it was not supported by the evidence. The striking of the counter-affidavit was error. *McConnell* v. *Bryant,* 83 *Ga.* 639. Rule of the Superior Court No. 21 (Civil Code, §5653) imposes a penalty for disregard of the rule requiring prompt procedure. It does not authorize the striking of a defendant's plea because he does not appear at all.

2. Under the procedure provided by the statute for the summary eviction of an intruder, the defendant will be turned out of possession by the sheriff unless a counter-affidavit is tendered. It is such counter-affidavit alone which makes a case for the court to try, or which gives the superior court jurisdiction. There is no regular petition and prayer for judgment, no pleading as in an ordinary litigation, no process bringing the defendant before the court. The affidavit and counter-affidavit are returned, and upon them an issue is made up and tried by a jury. The whole proceeding is summary in character, and dependent upon the statute. When the counter-affidavit was dismissed, no case was left in court to try. The issue provided for by the statute was rendered impossible. There is no law for a plaintiff in such a proceeding to make up an issue on his own affidavit alone, or to have a re-

covery predicated upon it, in the absence of any counter-affidavit. Doubtless, if the counter-affidavit had not been dismissed, the court might have allowed the plaintiff to make up an issue and proceed before the jury, though the defendant was absent. But when he struck the counter-affidavit, he left no case in court to try. The only thing which could be done was to have the plaintiff's affidavit returned to the sheriff. Similar rulings have been made in cases where counter-affidavits interposed to prevent the enforcement of distress warrants have been dismissed by the court. *Habersham* v. *Eppinger & Russell,* 61 *Ga.* 199; *Griggs* v. *Willbanks,* 96 *Ga.* 744 (22 S. E. 327), and cases cited; *Withers* v. *Hopkins Place Savings Bank,* 104 *Ga.* 89 (3), (30 S. E. 766). Also, in proceedings to dispossess a tenant holding over beyond the end of his term. *Clark* v. *Lee,* 80 *Ga.* 617 (6 S. E. 170), s. c. 86 *Ga.* 28 (12 S. E. 184). And in a proceeding by the proprietor of a sawmill to foreclose a lien on the product thereof. *Murphey* v. *McGough,* 105 *Ga.* 816 (31 S. E. 757).

*Judgment reversed. All the Justices* concur.