### 23391. MARTIN *v.* GRANT.

DECIDED SEPTEMBER 17, 1934.

*E. L. Stephens,* for plaintiff in error.

*D. Lee Churchwell, J. Lee Cook,* contra.

BROYLES, C. J. Grant foreclosed a laborer's and mechanic's lien against Martin, alleging that Martin owed him $695.72 "for labor and work done by deponent as a mechanic, repair man, laborer and

helper" on described machinery, and that "deponent has a special lien upon said described property because of repairing same and working thereon as a mechanic, as well as a general lien upon all the property of the said T. L. Martin." Martin filed a counter-affidavit and alleged therein: "1st. That he is not indebted to the plaintiff in the sum claimed or any part thereof, that he owes plaintiff nothing. 2d. That all statement of facts set out in plaintiff affidavit to foreclose said alleged lien are all untrue. 3d. That before said alleged foreclosure of said alleged and claimed lien he paid to plaintiff in the city of Wrightsville, in said county, all he was due him, which payment and settlement was in full and accepted by plaintiff in full of any and all claims and demands of every kind held by plaintiff against him."

It appears from the charge of the court that defendant Martin assumed the burden of proving the payment of the debt and was granted the opening and conclusion of the case. The evidence for the defendant was solely upon the issue of payment, and no issue as to the existence of the liens claimed by Grant was raised by the evidence. Conceding (but not deciding) that the allegation in the counter-affidavit, "that all statement of facts set out in plaintiff affidavit to foreclose said lien are all untrue," would have been sufficient to put upon plaintiff the burden of establishing by proof the existence of his alleged liens if the defendant had not voluntarily assumed the burden of proving his plea of payment, yet where he did assume that burden, and where, if any issue as to the existence of the liens was attempted to be made in the counter-affidavit, the evidence did not support the allegation thereof, no such issue was before the jury, and the judge properly so instructed the jury. See, in this connection, *Marlin* v. *Nichols,* 127 *Ga.* 705 (2), 709 (56 S. E. 995). On conflicting evidence the jury returned a verdict for the plaintiff. The verdict was authorized by the evidence; and, under the foregoing rulings, none of the grounds of the motion for a new trial is meritorious.

*Judgment affirmed. MacIntyre, J., concurs. Guerry, J., dissents.*

GUERRY, J., dissenting. The counter-affidavit filed by the defendant to the foreclosure of the laborer's and mechanic's lien alleged that "all statement of facts set out in plaintiff affidavit to foreclose said alleged lien are all untrue." It also set up a plea of payment. Complaint is made by the defendant that the trial

judge wrongfully withdrew from the jury all issues in the case except that of payment. I am of the opinion that the exception is well taken. The filing of a counter-affidavit to the foreclosure of a lien alleging a general denial converts the proceeding into an ordinary suit, and the burden of proof is upon the plaintiff to prove every essential allegation of the affidavit of foreclosure (*Yancey* v. *Karwisch,* 129 *Ga.* 788, 59 S. E. 777), and an allegation in a counter-affidavit that "all statement of facts set out in plaintiff affidavit to foreclose said alleged lien are all untrue" is sufficient to put plaintiff upon his proof as to all such allegations. See, in this connection, *Slappey* v. *Charles,* 7 *Ga. App.* 796 (68 S. E. 308). It was incumbent on the plaintiff to show that he was such a laborer as was entitled to such special lien, as well as the amount due thereunder. Plaintiff's own evidence tended to negative the fact that he was a laborer. *Martin* v. *Nichols,* 127 *Ga.* 705 (supra). The defendant in error, in his brief, asks that if the creation of a special lien be denied, he be allowed a general judgment on the verdict of the jury in reference to the plea of payment. This to my mind is more in accord with the pleadings and the evidence.