35696. CITY COUNCIL OF AUGUSTA *v.* AIR MAINTE-NANCE & SHEET METAL, INC., *et al.*

. DECIDED SEPTEMBER 12, 1955.

*Fulcher, Fulcher & Hagler,* for plaintiff in error.

*Harris, Chance & McCracken, Samuel E. Tyson,* contra.

FELTON, C. J. ■ There was no issue before the trial court as to Air Maintenance & Sheet Metal, Inc. The corporate tenant filed no counter-affidavit and bond, and in such case the process became final and it was the duty of the officer in whose hands the warrant was placed to proceed forthwith to execute the warrant. Code § 61-306.

■ In its affidavit the city proceeded against Air Maintenance & Sheet Metal, Inc., and R. S. Henry, trading as Air Maintenance & Sheet Metal Company, as joint tenants under a lease. R. S. Henry contended that he, trading as an individual, was a tenant under the lease. When the corporation failed to file a counter-affidavit and bond, the proceedings were left pending against Henry, trading as an individual, as a tenant under the lease, and the case must be treated on that theory.

The lease contract provided in part: "(d) Second party agrees that complete books and records of second party's operations reflecting every phase of activity in connection with this lease shall be maintained by second party, which books and records shall be subject to inspection and audit by first party at all times. . . (h) As rental for the premises and privileges hereinbefore provided for, second party hereby agrees and promises to pay to first party the sum of three (3%) percent of the gross income resulting from the operations of the second party on said premises, aircraft and engines sales being excepted, with a guaranteed minimum monthly payment of $50 (fifty dollars) per month, regardless of the amount of monthly sales by second party, for and during the term of this lease."

At the expiration of the first year of the lease, the city's auditor audited the defendant's books and determined that the defendant had not paid all the rent due under the lease, whereupon the city declared the lease defaulted under the terms thereof, gave proper notice, and after failure of the defendant to vacate brought this dispossessory proceeding.

The evidence demanded a finding that Henry owed the city $235.41 as rent. The rent on the premises was to be 3% of Henry's gross income resulting from his operations on the premises, aircraft and engine sales excepted, with a guaranteed minimum monthly payment of $50, regardless of the amount of monthly sales by Henry. The amount of rent claimed by the city to be due was determined by an audit of Henry's books. Henry did not dispute the correctness of this audit, but contended that his books did not reflect his true income from operations at the leased premises on Bush Field. He contends that part of the income shown on the books represented income from operations at other places in addition to that at Bush Field; however, his books do not show this. Henry, by his evidence, tried to show what part of the income shown on his books was derived from operations at Bush Field and what part from operations elsewhere. Suffice it to say, without setting out the evidence, that Henry's evidence failed to show what part of the income shown on his books represents income from operations at Bush Field alone. The lease provided that Henry should keep complete books and records of his operations, reflecting every phase of activity in connection with the lease. This put the burden on Henry to keep such books and records as would reflect what income he derived from his operations at Bush Field and what from other activities away from Bush Field. He failed to keep such books, and it must be presumed, the contrary not appearing, that the books reflect his income from operations at Bush Field only. Having failed by parol or documentary evidence to show what his income from operations at Bush Field was, if different from that reflected in his books, and having failed to show that the audit was incorrect, the evidence demanded a finding that all of the income shown on his books was from operations at Bush Field, and that, based on 3% of such income, he owed the city $235.41 as rent. These findings having been demanded by the evidence, a verdict

for a writ of possession in favor of the city was demanded (double rent was not sought against Henry, trading as an individual).

The case is reversed on the general grounds of the amended motion for a new trial rather than on the motion for a judgment notwithstanding the verdict. In the latter motion the plaintiff asked for a verdict it was not entitled to. It moved for a verdict for a writ of possession, which it was entitled to, and for the · *rent shown to be due,* which it was not entitled to in a dispossessory proceeding. *Healey Real Estate &c. Co.* v. *Wilson,* 74 *Ga. App.* 63, 66 (38 S. E. 2d 747), and citations.

■ The ruling in division 2 hereof controls the rulings excepted to in the special grounds of the amended motion for new trial.

The court erred in denying the amended motion for new trial. The court did not err in denying the motion for a judgment notwithstanding the verdict.

*Judgments affirmed in part and reversed in part. Quillian and Nichols, JJ., concur.*