## 41972. REALTY MANAGEMENT, INC. v. KEITH et al.

PANNELL, Judge. 1. "The tenant may arrest the proceedings and prevent the removal of himself and his goods from the land by declaring on oath that his lease or term of rent has not expired, and that he is not holding possession of the premises over and beyond his term, or that the rent claimed is not due, or that he does not hold the premises, either by lease, or rent, or at will, or by sufferance, or otherwise, from the person who made the affidavit on which the warrant issued, or from anyone under whom he claims the premises, or from anyone claiming the premises under him: Provided, such tenant shall at the same time tender a bond with good security, payable to the landlord, for the payment of such sum, with costs, as may be recovered against him on the trial of the case." *Code* § 61-303. "If the counter-affidavit and bond provided in the preceding section shall be made and delivered to the sheriff or deputy sheriff or constable, the tenant shall not be removed; but the officer shall return the proceedings to the next superior court of the county where the land lies; and the fact in issue shall be there tried by a jury." *Code* § 61-304. The bond and security must be given before the tenant can resist the warrant by counter-affidavit. *Cherry v. Ware,* 63 Ga. 289 (1).

2. Wherever the counter-affidavit is so defective as not to make any issue, or when it has been dismissed by the court, the whole case goes out; by operation of law the warrant is withdrawn and returns into the hands of the sheriff or other officer to whom it is directed." *Clarke v. Lee,* 80 Ga. 617 (6 SE 170). Under these circumstances "[t]here is no case for the court to try." Id., p. 619. See also *Habersham v. Eppinger & Russell,* 61 Ga. 199; *Murphey v. McGough,* 105 Ga. 816 (3)

(31 SE 757). The counter-affidavit here being defective because it was not accompanied by a bond, as required, prevents the counter-affidavit from presenting any issue, and there is no case before the court to be tried.

Under these circumstances the refusal of the trial judge to direct a verdict and to grant a judgment notwithstanding the verdict based thereon was not error; nor, for the same reason, was it error for the court to refuse to rule as a matter of law that appellant was entitled to the possession of the property or order the appellees to surrender the property to the appellant.

The ruling in *City Council of Augusta v. Air Maintenance &c., Inc.*, 92 Ga. App. 584 (2) (89 SE2d 214) does not support a ruling to the contrary. In that case, against two alleged tenants, only one filed a counter-affidavit and bond. As to him, this court held (in Division 2) that a verdict should have been directed and writ of possession granted. *Code* § 61-305 as amended (Ga. L. 1947, p. 657). As to the other (in Division 1) the court applied the rule as applied in this case.

3. The trial court did err in submitting any issues to the jury, but the jury not having reached a verdict, and appellant not being entitled to a verdict, appellant was not harmed thereby.

4. There having been no notice of appeal filed by the appellees, their enumeration of errors accompanying their brief will not be considered.

The judgment is affirmed with direction that the dispossessory warrant be withdrawn and turned over to the officer to whom it was directed for further action thereon in accordance with the law.

*Judgment affirmed with direction. Felton, C. J., and Frankum, J., concur.*

SUBMITTED MAY 2, 1966—DECIDED SEPTEMBER 6, 1966—
REHEARING DENIED SEPTEMBER 22, 1966.

*Pittman & Kinney, L. Hugh Kemp,* for appellant.
*J. W. Yarbrough,* for appellees.