SMITH *vs.* LOCKETT *et al.*

1. At common law, if a party died after judgment, but before the issuing of execution, it was necessary to issue a *scire facias* to make the heir or legal representative of such decedent a party to the judgment; but since the passage of the judiciary act of 1799, which makes the judgment a lien on all the property of the defendant

Markham vs Ross.

from the time of its rendition, the reason of the rule, and consequently the rule itself, has ceased to exist in this state. 4 How., 58.

2. The execution must follow the judgment. Where the judgment recited that the plaintiff assumed the costs, and the execution assessed costs against the defendant, in a claim case arising thereunder, the execution should be quashed, and the levy dismissed on motion. Code, §3636; Tidd's Pr., 998.

(a.) A claimant has the right to show that the execution which is levied on the property claimed by him is void or inoperative as a valid process. Code, §3495; 6 Ga., 586; 12 Id., 212; 51 Id., 421; 52 Id., 586; 44 Id., 26.

Judgment affirmed.

March 4, 1884.

BLANDFORD, Justice.

[A *fi. fa.* was levied and claim interposed. On the trial, claimant moved to quash the execution and dismiss the levy, because the clerk had no authority to issue the *fi. fa.* after the death of one of the two defendants, and because the *fi. fa.* was issued for costs in addition to the debt, when the judgment showed that the plaintiff assumed to pay the costs. The motion was sustained, and plaintiff excepted.]