### 5185.   NEWTON *et al. v.* DANIEL COMPANY.

1. An affidavit to obtain a distress warrant, made by a person other than the one seeking the warrant, his agent or attorney, is a mere nullity.
2. Under the act creating the city court of Millen, the authority to issue distress warrants is vested in the judge, and such a warrant issued by the clerk of the court is void.
3. Upon the dismissal of the counter-affidavit, the case was out of court, and it was error for the court to render judgment thereafter in favor of the plaintiff.

DECIDED JANUARY 20, 1914.

Distraint; from city court of Millen—Judge Thomas L. Hill. July 31, 1913.

*R. P. Jones,* for plaintiffs in error.

ROAN, J. This was a distress warrant issued by the clerk of the city court of Millen, in favor of T. Z. & P. V. Daniel Company, as landlord, against A. E. Newton, as tenant. The affidavit to obtain the warrant was made by C. A. Hattaway, and states that he is "an employee" of the landlord, but does not state that he is the landlord's agent or attorney. Upon this affidavit the clerk of the court issued the warrant, which was duly levied on property of the defendant.ˋ A counter-affidavit was filed by the defendant and bond given. When the case was called for trial, no appearance was made for the defendant or his bondsman; whereupon the court dismissed the counter-affidavit and rendered judgment against the defendant and his bondsman for the amount sued for. To this

action of the court they except, on the grounds, that (a) the proceeding was void ab initio, because the affidavit on which it was based was not made by a person authorized by law to do so; (b) the clerk of the city court of Millen had no authority, under the act creating the court, to issue distress warrants, that being the province of the judge; and (c) the court erred in entering up judgment after dismissing the counter-affidavit, even if the issuance of the warrant were valid.

1. We hold that in each of these contentions the plaintiffs in error are right. Section 5390 of the Civil Code provides that a distress warrant may issue upon the affidavit of the person to whom the rent is due, "his agent or attorney." Therefore the affidavit·of Hattaway, made merely as an "employee," was a nullity.

2. Under the act creating the city court of Millen, the authority to issue distress warrants is vested in the judge thereof, and the clerk had no right to issue the warrant. See Acts of 1912, p. 248.

3. It has been frequently held by the Supreme Court that upon the dismissal of the counter-affidavit, the case is out of court, and the distress warrant is by operation of law remanded to the levying officer as final process. The court therefore erred in rendering judgment in favor of the plaintiff. *Griggs* v. *Willbanks,* 96 *Ga.* 744 (22 S. E. 744); *Withers* v. *Hopkins Place Savings Bank,* 104 *Ga.* 89 (30 S. E. 766); *Yancey* v. *Karwisch,* 129 *Ga.* 788 (59 S. E. 788); *Girtman* v. *Stanford,* 68 *Ga.* 178; *Murphey* v. *McGough,* 105 *Ga.* 816 (31 S. E. 757).  *Judgment reversed.*