### 7125.  BROYLES *v.* YOUNG.

WADE, C. J.   1.  The clerk of the superior court may issue a fi. fa. at any time after a verdict is rendered and judgment entered thereon (Civil Code, § 6020); but there is no statutory provision in this State imposing upon such a clerk the duty of issuing executions without express direction from the plaintiff or his counsel.  See, in this connection, 17 Cyc. 986, and cases there cited.

2.  Where a judgment was rendered against a defendant and his surety in a bail-trover proceeding, and the clerk of the superior court issued an execution thereon against the principal defendant only, which was so entered upon the execution docket, and loss resulted to the plaintiff because of the failure of the clerk to include the surety by name in the execution and also in the docket entry thereof, the plaintiff in execution has no right of action against the clerk for damages, unless it further appears that the clerk failed or refused to properly issue and docket

the execution after express direction given to him by the plaintiff or his attorney; and this is true notwithstanding the clerk of the superior court is liable in damages for a failure to perform his official duty or for improper or neglectful performance thereof. *Markham* v. *Ross*, 73 *Ga.* 105; *Luther* v. *Banks*, 111 *Ga.* 374 (36 S. E. 826).

3. One in whose favor a judgment is rendered has the right, by himself or through his counsel, to control it and direct whether execution shall issue thereon; and where he fails to give any direction it is not the duty of the clerk to issue an execution; and if the clerk, without direction, issues an execution, and it is defective, the plaintiff can not recover damages against him because of the negligent doing of a thing not required of him by the law; especially is this true where the consequences of the negligence of the clerk in this respect could have been avoided by the exercise of ordinary care on the part of the plaintiff or his counsel in ascertaining whether the execution so issued conformed to the judgment upon which it was based. See *Nicholas* v. *Tanner*, 117 *Ga.* 223 (43 S. E. 489).

4. The judge of the superior court erred in sustaining the certiorari.

*Judgment reversed. George and Luke, JJ., concur.*

DECIDED FEBRUARY 16, 1917.

Certiorari; from Fulton superior court—Judge Pendleton. November 30, 1915.

*Harvey Hatcher,* for plaintiff in error.

*Bachman & Simmons,* contra.