9190.   MIMS, administrator, *v.* McKENZIE, administrator.

When a plaintiff dies after judgment has been entered in his favor and before the issuance of execution thereon, the execution should follow the judgment and may be issued in his name.

DECIDED AUGUST 1, 1918.

Affidavit of illegality of execution; from Crisp superior court—Judge Crum.   July 24, 1917.

The ordinary of Crisp county issued an execution against the estate of Ran Harris, deceased, in the hands of R. D. Mims, administrator, and also against R. D. Mims, to be·levied in the first instance on the goods and chattels of the said Ran Harris, deceased, if to be found, and if not to be found, then on the personal goods etc. of the said R. D. Mims.   The execution recited that it was issued on a judgment recovered by Emma Harris on the 5th day of February, 1912, in the court of ordinary of Crisp county upon her application for a year's support as the widow of said Ran Harris.   The execution was dated June 2, 1915. It was levied on certain personal property of R. D. Mims.   Mims filed an affidavit of illegality, in which he alleged that the·fi. fa. was proceeding illegally for certain reasons therein stated, one of which (paragraph·4) was that "on the day and at the time the said fi. fa. issued, the plaintiff in fi. fa., to wit, Emma Harris, was dead, and that no administrator had been appointed to take charge of her estate and made a party to the proceeding that·it is alleged that the fi. fa. issued from."   The sheriff made affidavit that he had made diligent search for other property belonging to the estate of Ran Harris, deceased, and failed to find any, and that his failure to make a formal entry of nulla bona on the fi. fa. was an oversight.   After this affidavit had been made, the court permitted the sheriff to make a nulla bona entry on the fi. fa.   The plaintiff interposed a general demurrer ore tenus to the affidavit of illegality.   The court sustained the demurrer and dismissed the affidavit of illegality, and to this judgment exception was taken.

*Pearson Ellis,* for plaintiff in error.   *J. T. Hill,* contra.

HARWELL, J. (After stating the foregoing facts.) 1. At common law it seems that a valid execution could not issue in favor of a deceased plaintiff without a revival of the judgment by scire facias. 17 Cyc. 993. Such does not appear to be the law in this State. By statute in Georgia it is provided, in the first place, that "All executions must follow the judgment from which they issue, and describe the parties thereto as described in such judgment." Park's Ann. Code, § 6022. Section 5605 of the code provides that when either the plaintiff or the defendant shall die pending a trial, or after trial and before the expiration of the time to enter an appeal, the legal representative of the party dying may enter an appeal within thirty days, etc.; and if such appeal is not entered within the time prescribed, "judgment may be entered and execution issued as though the deceased were in life, without making the representative a party."

"At common law, if a party died after judgment but before the issuing of execution, it was necessary to issue a scire facias to make the heir or legal representative of such decedent a party to the judgment, but since the passage of the judiciary act of 1799, which makes the judgment a lien on all the property of the defendant from the time of its rendition, the reason of the rule, and consequently the rule itself, has ceased to exist in this State." *Smith* v. *Lockett*, 73 *Ga.* 104. From the foregoing it appears that when a plaintiff dies after judgment is entered and before execution is issued thereon, execution may nevertheless be issued in the name of the plaintiff. Compare code-section 5616. There is no merit, therefore, in the contention of the defendant as set out in the fourth paragraph of the affidavit of illegality.

2. Certain other grounds were set out in the affidavit of illegality, but the plaintiff in error did not argue them in his brief, and they will be treated as abandoned.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*