22506. FAIRFAX BUILDING COMPANY *v.* OLDKNOW.

22507. FAIRFAX BUILDING COMPANY *v.* SOUTHERN THEATRE EQUIPMENT COMPANY INC.

DECIDED JANUARY 21, 1933.

*Herbert J. Haas, George B. Tidwell, Bertram S. Boley,* for plaintiff in error.

*Sutherland & Tuttle, Joseph B. Brennan,* contra.

JENKINS, P. J. The same question is involved in both of these cases. O. S. Oldknow and Southern Theatre Equipment Company filed separate suits against the Fairfax Building Company. In each

suit the defendant filed an identical plea in abatement, as a special appearance for the purpose of denying service of the petition and process. It was alleged by the plea that service upon the defendant corporation had been perfected by publication; that the defendant corporation, by an order of the superior court of Fulton county, entered November 30, 1928, in open court in suit No. 78,164, surrendered its charter and franchises to the State of Georgia, and that the corporate existence of the Fairfax Building Company was thereby dissolved; that no officer of the corporation had been personally served with process in the instant cases, nor had service been perfected by leaving a copy of the process at any place of business of the defendant, nor by serving any agent in charge of the business of the corporation, but that the only service had upon the defendant was by the publication set forth, which it is alleged was insufficient in law. The plaintiff in each case filed a demurrer to the plea in abatement, which was sustained, and in each case verdict and judgment were entered for the plaintiff. In each case the defendant excepts to the judgment sustaining the demurrer to the plea in abatement, assigning error also upon the final verdict and judgment.

The service had upon the defendant in this case was by publication under section 2261 of the Civil Code (1910), which is as follows: "In all cases where any corporation shall have no public place for doing business, or shall have no individual in office upon whom service of writs or process may be perfected, within the knowledge of any party, the plaintiff may make an affidavit that the said corporation has no public place of doing business, or has no individual in office upon whom service of writs or process may be perfected, within the knowledge of said complainant, and, such affidavit being filed in the clerk's office of the court to which the said writ may be made returnable, the clerk of the said court shall issue a citation to the said defendants to be and appear at the said court, to answer the complaint; which citation shall be published, once a week for three weeks prior to the court to which the said complaint may be returnable, in some newspaper published in the county in which suit is brought; if no paper is published therein, then in the one nearest thereto; and such advertisement shall be deemed and held a service upon such corporation for all purposes, and any copy of the newspaper containing said publication shall be received in any of the courts as sufficient evidence of such service." It is not

contended that the service had upon the defendant was not perfected in accordance with the provisions of the code-section quoted. The contention is that service in accordance with that section is not good service upon the defendant in these cases, for the reason that the defendant corporation had surrendered its charter to the State, and no longer existed, and that the provisions of the statute quoted have reference only to service upon existing corporations, and are not applicable to a corporation which has ceased to exist by virtue of having its corporate existence dissolved. It is insisted by counsel for the defendant that service upon the defendant could only be perfected in the way and manner provided by the act of 1918 (Ga. L. 1918, p. 136; Michie's Code, 1926, §§ 2245 (1), 2245 (2) ). This act provides as follows: "Section 1. The dissolution of a corporation either as a result of the expiration of its charter, or for any other cause, shall not bring about its total extinction nor operate to extinguish any demand or cause of action against it in favor of any person whomsoever, whether arising from contract or tort, nor shall such dissolution work the abatement of any suit pending against it at the time of such dissolution, but all such pending suits may be prosecuted and enforced to a conclusion as though such corporation were still undissolved. Section 2. Suits for the enforcement of any demand or cause of action due by such corporation may to like extent be instituted and enforced against it in any court having jurisdiction thereof at the time of its dissolution, and service thereon may be perfected either by seizure of the property of such corporation, *by any form of legal process,* or by service with process issued upon said suits any person who, as an agent or officer of such corporation, was subject to be served as its officer or agent at the time of such dissolution." (Italics ours.)

It is contended by the defendant in these cases that the methods for serving a dissolved corporation as provided by the act of 1918 are exclusive, and that after a corporation has surrendered its charter and ceased to do business, it can only be served by one of the methods pointed out by that act. It would seem that the act of 1918, in providing methods of perfecting service upon a corporation which has ceased to do business, is permissive only, and that it does not undertake to provide exclusive methods of perfecting such service. The language of the act is that service *may* be perfected in one of the method's therein provided, not that service *must* be per-

fected in any such manner. And it would seem clear that the provision that service may be perfected "by any form of legal process" must necessarily be taken to mean that service upon such a dissolved corporation might be perfected in any manner in which service could be perfected upon an active corporation still engaged in business. To hold otherwise would not only render meaningless the provision just quoted, but would render the other provisions of the act of 1918 in many cases wholly inoperative, since if there remained no property of the corporation, and no person within the State who was such an agent or officer as, at the time of the dissolution, could be served, a plaintiff would be entirely helpless to bring the corporation before the only court which could have jurisdiction of its corporate person. It is a well-settled rule of law that a valid subsisting statute is not repealed by implication by a later act unless they are wholly inconsistent, or unless the later act covers the entire field of the former legislation. There seems to be no inconsistency between § 2261 of the Civil Code, and the act of 1918, and the latter act fails to cover the entire field of the former legislation, but seems expressly to recognize and provide for the application of the code section, when it authorizes service upon a dissolved corporation "by any form of legal process."

It is insisted by counsel for the defendant in their briefs that if it is held that section 2261 of the Civil Code does apply to dissolved corporations, "a judgment rendered upon the service provided for in section 2261 is obtained without personal service, and therefore deprives plaintiff in error of its property without due process of law, and is therefore void." This contention necessarily brings in question the constitutionality of § 2261 of the Civil Code. But no such contention was made in the court below, by the plea in abatement or otherwise, and no such question appears to have been determined by the trial court. It is therefore not involved in the case as presented to this court. *Conyers* v. *Luther Williams Banking Co.*, 162 *Ga.* 350 (133 S. E. 862).

The court did not err in sustaining the demurrer to the plea in abatement in each case.

*Judgment affirmed in each case. Stephens and Sutton, JJ., concur.*