25008.   EVANS v. FORT VALLEY MOTOR COMPANY.

Decided December 9, 1935.

*W. H. Harris,* for plaintiff.   *C. W. Walton,* for defendant.

Jenkins, P. J.   A distress warrant was issued on December 24, 1934, against a corporation, and was levied on corporate property on December 26, 1934. A counter-affidavit and bond were filed on January 22, 1935. The affidavit was made by an individual, as follows: "That by proper order of [the judge of the superior court], dated December 28, 1934, the corporate existence of [the

corporation] was dissolved subject to all legal requirements; that, as sole owner of all the assets of said corporation and as former president of said corporation, he is still president of said corporation for the purpose of winding up its business and settling all legal claims against the said [corporation], and as the proper person says the sum distrained for is not due." The bond was executed in the name of the corporation by the person making the affidavit "as president," and by him individually as surety. The plaintiff demurred generally to the counter-affidavit, because "it was not made by or on behalf of the defendant in the distress warrant, but was made by a stranger to this proceeding;" and to the bond, because "there is no such entity in existence as [the named corporation], the purported principal in the bond, and that the bond is therefore null and void, and is not the bond required by the statute." Error is assigned on the order overruling this demurrer, as a reviewable decision, because, if judgment had been rendered as claimed by the plaintiff in error, it would have been a final disposition of the cause, for the reason that the dismissal of such a counter-affidavit, having the effect of remanding the distress warrant to the levying officer as final process, would thus finally dispose of the cause. See *Withers* v. *Hopkins Place Savings Bank,* 104 *Ga.* 89, 100 (30 S. E. 766) ; *Murphey* v. *McGough,* 105 *Ga.* 816, 820 (31 S. E. 757) ; *Griggs* v. *Willbanks,* 96 *Ga.* 744 (22 S. E. 327) ; *Newton* v. *Daniel Co.,* 14 *Ga. App.* 152 (3) (80 S. E. 509).

Prior to the act of 1918 (Ga. L. 1918, p. 136; Code of 1933, §§ 22-1210, 22-1211), it was the rule in this State, in conformity to the general rule elsewhere (see note in 47 A. L. R. 1380), that "the dissolution of a corporation . . pending a suit against it abates the action, unless some provision is made for the further prosecution of the suit by the laws of the State in which the suit is pending." *Venable* v. *Southern Granite Co., 135 Ga.* 508, 511 (69 S. E. 822, 32 L. R. A. (N. S.) 446), decided in 1910. The act of 1918, however, provided that "The dissolution of a corporation, either as a result of the expiration of its charter or for any other cause, shall not bring about its total extinction nor operate to extinguish any demand or cause of action against it in favor of any person whomsoever, whether arising from contract or tort, nor shall such dissolution work the abatement of any suit pending

against it at the time of such dissolution, but all such pending suits may be prosecuted and enforced to a conclusion as though such corporation were still undissolved." This change in the law was noted and applied in *Fairfax Building Co.* v. *Oldknow*, 46 *Ga. App.* 281, 283 (167 S. E. 538), and *Eady-Baker Grocery Co.* v. *Tennessee Chemical Co.*, 39 *Ga. App.* 121 (146 S. E. 329). Accordingly, in the instant case where the distress warrant was issued and levied on corporate properties prior to the order of the superior court dissolving the corporation, the suit did not abate, but the corporate existence continued to the extent that the action still could be prosecuted against and defended by and in the name of the corporation. The bond in the name of the corporation as principal, executed by its president, was therefore not a nullity because it was made after the order of dissolution. The counter-affidavit, making oath that the sum distrained for was not due, was legally sufficient, where it was signed by the president of the dissolved corporation, and recited that "he is still president of said corporation for the purpose of winding up its business and settling all legal claims against the said corporation," and that the affiant was "the proper person" to make the affidavit. The statement that the affiant was the "sole owner of all the assets of said corporation" may be treated as surplusage, which did not invalidate the sufficiency of the additional averments quoted, since the affidavit expressly stated that he filed the defense, not only as such individual "owner," but as "former president" and as "still president of said corporation." Therefore the judge properly overruled the general demurrer to the counter-affidavit and bond.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*