28990. BYERS *v.* BLACK MOTOR COMPANY.

Decided September 16, 1941.

*J. P. Fowler, R. E. Kirby, E. C. Brannon,* for plaintiff in error.
*Wheeler & Kenyon, Carl Tallent, Charles J. Thurmond,* contra.

Sutton, J. Homer L. Byers filed in the superior court of Forsyth County an affidavit of illegality to an execution issued against him in favor of Black Motor Company, a corporation, pursuant to

a judgment obtained by such corporation against him in said court on September 3, 1935, and which was levied on a certain described mare mule as the property of Byers, it being alleged in said affidavit that the execution was proceeding illegally against him for the following reasons: 1. The said execution issued illegally because it shows on its face that it was issued on October 27, 1937, which was one year and eleven months after the dissolution of the corporation, and there was no proper plaintiff to request the issuance of the fi. fa., to accept the same, or to be named as plaintiff therein. 2. That the execution issued illegally because it bears test in the name of J. H. Hawkins, judge of said court, and the minutes of the court show that he was disqualified in the case in which the judgment was rendered, and C. H. Porter, judge of the Rome Judicial Circuit, presided in his stead and the execution should bear test in the name of the judge who presided at the trial. 3. That the execution was proceeding illegally because the original or first levy purports to be dismissed on the order of John D. Black, and that he had no authority in March, 1939, to dismiss a levy in favor of the corporation. 4. That the execution was proceeding illegally because a purported transfer thereon, "The within note is hereby transferred to John D. Black, without recourse on us whatsoever, November 23, 1935, Black Motor Company, Incorporated, by John D. Black, President," is a transfer of a note and not a transfer of the execution and the purported transfer shows that it was made more than one year and eleven months previously to the issuance of the execution which it attempts to transfer and which is a physical impossibility. 5. That the purported transfer, which bears date of November 25, 1935, was not entered on the execution until after March 17, 1939, at which time Black Motor Company, the corporation, was not in existence and had not been in existence for a period of three years and such transfer is void. 6. That a motion for new trial was pending in said case in November, 1935, when Black Motor Company, the corporation, was dissolved by order of the superior court of Forsyth County, and that said case then pending died with the charter of that corporation.

On the trial of the illegality it was stipulated that the original court records be used instead of certified copies, and that on page 378 of minute book 9 of the records of the superior court of Forsyth County is shown an order, on the petition of J. D. Black,

N. D. Black, and D. C. Tallent, for a charter under the name of Black Motor Company, granted on February 23, 1927, by the judge of said court. It was further stipulated that the corporation was duly organized, pursuant to the petition, order, and charter.

Ira Sewell testified, on behalf of the affiant: "My name is Ira Sewell and I was deputy sheriff of Forsyth County on October 22, 1938. I don't think that transfer from Black Motor Company to John D. Black, dated November 25, 1935, was on that fi. fa. when I made the first levy. I don't remember seeing it on there, but it was there when I made the last levy. I levied it for John D. Black, I suppose. The entry is there. I don't know how I made it. John D. Black brought the fi. fa. to me and instructed me to make the levy."

The affiant introduced in evidence the original fi. fa., dated October 27, 1937, issued, on a judgment dated September 3, 1935, by J. V. Merritt, clerk of said court, in favor of Black Motor Company, Incorporated, against Homer L. Byers for $164.70 principal, $21.75 costs, and showing the following entries: An original entry reading "Georgia, Forsyth County. I have this day executed the within fi. fa. by levying upon the following property, as the property of the defendant and found in his possession: [Describing a certain dark bay horse mule, one bay mare, and one Ford automobile.] This October 22, 1938, Ira Sewell, deputy sheriff." Immediately under the above-mentioned entry of levy appears the following entry: "The above levy of October 22, 1938, is hereby dismissed. This March —, 1939, by order of John D. Black, I. M. Sewell, deputy sheriff." Immediately under that entry is another entry as follows: "Georgia, Forsyth County. I have this day levied the within fi. fa. upon one black horse mule 8 years old, weight 900 pounds, one buckskin mare mule 10 years, weight 950 pounds, levied on as the property of defendant and found in his possession. This March 22, 1939. I. M. Sewell, deputy sheriff." A further entry appears on the execution: "Entered on general execution docket, page 308, October 27, 1937, J. V. Merritt, clerk, superior court." An endorsement on the execution reads: "The within note is hereby transferred to John D. Black without recourse on us whatsoever. Nov. 25, 1935. Black Motor Co. Inc., By John D. Black, Prest."

It appears from a written agreement between the parties which

was filed in this court that to the judgment obtained by the Black Motor Company against Homer L. Byers a motion for new trial was filed by Byers, and that because of his failure to file a brief of the evidence in the proper time the motion for new trial was, on motion, dismissed on August 7, 1937.

Upon the conclusion of the introduction of the evidence for the plaintiff in the present case the court directed a verdict against the illegality and ordered the fi. fa. to proceed. The defendant in execution filed a motion for new trial on the general grounds, and by amendment added several special grounds. The court overruled the motion, and the exception here is to that judgment.

The complaint of the defendant in execution appears to be, in brief, that the execution was proceeding illegally for the reason that it could not proceed in the name of the corporation which had been dissolved or on the direction of John D. Black who was one of the stockholders of the corporation. The record and admissions of the parties show that a judgment was obtained on September 3, 1935, by an existing corporation, Black Motor Company, against H. L. Byers; that he filed a motion for new trial which was finally dismissed on August 7, 1937; that on October 27, 1937, an execution, following the judgment in all respects, was issued; that this execution was on October 22, 1938, levied on certain personal property of Byers and an entry of levy made; that in March, 1939, the levy was dismissed and thereafter, on March 22, 1939, another levy was made on certain personal property of Byers, included in which levy was one horse mule which was levied on originally. On the trial of the illegality it appeared that upon the execution a certain transfer had been made in the name of Black Motor Company in favor of John D. Black. This transfer was dated November 25, 1935, which date was before the dissolution of the corporation on November 27, 1935, but which transfer was admittedly made after the dissolution of the corporation and, consequently, was void, as clearly no business could be transacted in the name of the corporation after its dissolution. Upon motion of counsel for the plaintiff in execution the transfer was stricken, and upon a consideration of the evidence the court directed a verdict against the illegality and ordered the execution to proceed against the property included in the second levy.

In our opinion the court did not err. The execution, it is averred

by the plaintiff in error, issued originally at the instance of John D. Black, one of the stockholders in the dissolved corporation, and not at the instance of the corporation itself, and, therefore, was an unlawful issuance, because there was no existing entity which could direct its issuance or accept the benefits of a levy. While it is true that the right to direct the issuance or non-issuance of an execution is in the plaintiff in judgment, and the clerk of a court is not liable for failing to issue an execution where no order is given by such plaintiff, still the clerk, in the absence of such instruction, may, in his ministerial capacity, issue an execution in the test of the judge of the court after verdict is obtained and judgment entered thereon. *Broyles* v. *Young,* 19 *Ga. App.* 294 (91 S. E. 436). As the clerk in the present instance had the right to perform such a ministerial act, the fact that a third party requested its issuance would not invalidate the execution.

The execution in question strictly followed, as required by law, the judgment obtained by Black Motor Company, being in the name of that corporation and against the defendant Byers. It appears that in the case out of which the judgment arose the regular judge was disqualified and did not preside, and that another judge acted in his stead, and that the execution issued in the test of the regular judge, which fact, the affidavit of illegality alleged in one ground, rendered the execution void. This contention, however, is without merit. The use of the name of the regular judge in this merely formal attestation does not annul the process. *Drawdy* v. *Littlefield,* 75 *Ga.* 215 (2).

Nor does the fact that the execution issued after the dissolution of the corporation render it void, as contended in another ground of the affidavit of illegality, in support of which are cited cases to the effect that a pending suit dies with the dissolution of a corporation. The corporation, Black Motor Company, had not been dissolved when the *judgment* here involved was rendered, and the execution, being obliged to follow the judgment, necessarily issued in the name of Black Motor Company, although that corporation had been dissolved at the time of the issuance of the execution. The judgment did not die merely because the corporation was dissolved while the motion for new trial of the defendant was pending, but continued as a legal basis for the issuance of an execution to realize funds to satisfy the judgment for the benefit of the stockhold-

ers of the corporation. "When a plaintiff dies after judgment has been entered in his favor and before the issuance of execution thereon, the execution should follow the judgment and may be issued in his name." *Mims* v. *McKenzie, 22 Ga. App.* 571 (96 S. E. 441). See also *Smith* v. *Lockett, 73 Ga.* 104; *Pursley* v. *Manley, 166 Ga.* 809, 812 (144 S. E. 242). "Irrespective of what may have been the rule at common law, it is not now the law of this State that debts due to a corporation are extinguished upon its dissolution. [Citing.] Upon the dissolution of a corporation its assets, including choses in action, belong to the stockholders as tenants or owners in common, and are subject to their control, if all debts have been paid and no receiver has been appointed. In such a case, where all the stockholders are in unison as to the disposition of such assets, there is no necessity for the appointment of a receiver. They succeed to the legal title thereto, and an action by all of them upon choses in action which belonged to the corporation at the time of its dissolution is maintainable at law in their own names." *Stone* v. *Edwards, 32 Ga. App.* 479 (5, 6) (124 S. E. 54). Thus it is seen that the stockholders of Black Motor Company, a corporation, succeeded to all of its rights under the judgment obtained against Byers, and until it is made to appear that they can not act in unison with respect to the assets of the corporation there is no necessity for the appointment of a receiver, as contended by the plaintiff in error, to enforce the judgment by execution and levy to obtain funds for distribution among the stockholders after the payment of debts of the corporation, and the judgment having been obtained by the corporation itself there is no reason why an execution thereon should not proceed to levy and sale for the benefit of the stockholders, subject to the payment of corporate debts.

The objection in one ground of the affidavit of illegality that the purported transfer of the execution to John D. Black was invalid was overcome by the court in striking, on motion, such transfer and ordering the execution to proceed in the name of the original plaintiff.

But it is contended by the plaintiff in error that while the Code, § 22-1210, provides that "The dissolution of a corporation either as a result of the expiration of its charter, or for any other cause, shall not bring about its total extinction nor operate to extinguish

any demand or cause of action against it in favor of any person whomsoever, whether arising from contract or tort, nor shall such dissolution work the abatement of any suit pending against it at the time of such dissolution, but all such pending suits may be prosecuted and enforced to a conclusion as though such corporation were still undissolved," the statute is not applicable to rights *in favor of* the corporation. However, by section 36 of an act approved January 28, 1938 (Ga. L. Ex. Sess. 1937-38, pp. 214, 242), it is provided: "All corporations whether they expire by their own limitations or are otherwise dissolved, shall nevertheless be continued for the term of three years *and until final disposition* of all suits begun within that time from such expiration or dissolution bodies corporate for the purpose of prosecuting and defending suits *by or against them* and enabling them gradually to settle and close their business, to dispose of and convey their property and to divide their assets, but not for the purpose of continuing the business for which the said corporation shall have been established." (Italics ours.) (This section is shown as § 22-1874 in the Supplement to the Code of 1933.) While it is true that the act was passed subsequently to the issuance of the execution here involved, its application in the present case would not, in the sense in which the term retroactive is used in the constitution, run counter to the constitutional provision that no law shall be given a retroactive effect, inasmuch as such application would not affect any substantive or vested right of the defendant in execution, the statute being only remedial or adjective in its nature. "Laws looking only to the remedy or mode of trial may apply to contracts, rights, and offenses entered into or accrued or committed prior to their passage." Code, § 102-104. "Laws which act upon remedies alone, although retrospective, will be enforced; provided they do not impair the obligation of contracts, or disturb absolutely vested rights; and only go to confirm rights already existing, and in furtherance of the remedy, by curing defects and adding to the means of enforcing existing obligations." *Wilder* v. *Lumpkin*, 4 *Ga.* 208 (6); *Georgia Railway & Electric Co.* v. *Decatur*, 29 *Ga. App.* 653 (5) (116 S. E. 645). See also *Pritchard* v. *Savannah Street &c. Railroad Co.*, 87 *Ga.* 294, 299 (13 S. E. 493, 14 L. R. A. 721); *Baker* v. *Smith*, 91 *Ga.* 142 (1) (16 S. E. 967); *Mills* v. *Geer*, 111 *Ga.* 275 (36 S. E. 673, 52 L. R. A. 934). The execution in the pres-

ent case was issued within three years after the dissolution of the corporation, Black Motor Company. The second levy was made on March 22, 1939, which was more than three years after the dissolution of the corporation, but, under the above-mentioned statute, if not under the law previously existing, was authorized for the purpose of enforcing the judgment obtained by the corporation before its dissolution.

Other grounds of the affidavit of illegality not specifically dealt with in the foregoing discussion are controlled adversely to the plaintiff in error by what is said above. Under the law and the evidence a verdict against the illegality was not only authorized but demanded, and the court did not err in directing such verdict and in ordering the execution to proceed.

The above rulings control adversely to the plaintiff in error the first four special grounds of his motion for new trial, and any detailed discussion is deemed unnecessary.

The fifth ground of the motion for new trial complains that the court erred in directing the verdict against the illegality. The evidence was such that only a question of law was presented, and as the defendant in execution could not hope to prevail in the illegality the court did not err, upon the conclusion of the introduction of evidence for the affiant, in directing a verdict against the illegality and in ordering the execution to proceed.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*