31478. MORTGAGE-BOND COMPANY OF NEW YORK *v.* TRUST COMPANY OF GEORGIA, executor, *et al.*

DECIDED APRIL 25, 1947.  REHEARING DENIED MAY 29, 1947.

212

*T. M. Smith, MacDougald, Troutman, Sams & Branch,* for plaintiffs.

*Poole, Pearce & Hall, Margaret Hills, James A. Branch, Thomas B. Branch Jr.,* for defendants.

PARKER, J. The plaintiff says the question to be decided by this court is whether the name of the Mortgage-Bond Company of New York, a foreign corporation whose charter was dissolved after the filing of the petition for scire facias, can be used as the plaintiff in such petition brought for the use of Telfair Stockton & Company Inc., the beneficial and equitable owner of the judgment. The defendants say the controlling question is whether the life of a foreign corporation, which has been dissolved by the state which created it, is continued as a legal entity so as to be the party plaintiff in a scire facias proceeding by section 36 of the act approved January 28, 1938, now found in the Code (Ann. Supp.), § 22-1874, as follows: "All corporations, whether they expire by their own limitations or are otherwise dissolved, shall

nevertheless be continued for the term of three years and until final disposition of all suits begun within that time from such expiration or dissolution bodies corporate for the purpose of prosecuting and defending suits by or against them and enabling them gradually to settle and close their business, to dispose of and convey their property and to divide their assets, but not for the purpose of continuing the business for which the said corporation shall have been established." We think that the questions suggested by the parties are substantially the same.

There are statutes other than the one referred to in the preceding paragraph which must be considered in passing on the controlling question in this case. Before the passage of the corporation act of 1938, codified in the Code (Ann. Supp.), Chap. 22-18, the dissolution of a corporation either as a result of the expiration of its charter, or for any other cause, did not bring about its total extinction or operate to extinguish any demand or cause of action against it in favor of any person, nor did such dissolution work the abatement of any suit pending against such corporation at the time of such dissolution. Code, § 22-1210. Under the corporation act of 1938, which superseded this section of the Code (22-1210), there is a more comprehensive provision which includes in our opinion foreign corporations as well as others, which is as follows: "If any corporation created under any law of this or any other State becomes dissolved by the expiration of its charter or otherwise before final judgment obtained in any action pending in any court of this State against such corporation, the said action shall not abate by reason thereof, but, the dissolution of such corporation being suggested of record and the names of the trustees or receivers of such corporation being entered upon the record and notice thereof served upon said trustees or receivers, or, if such service be impracticable, upon the counsel of record in such case, the said action shall proceed to final judgment against the said trustees or receivers by the name of the corporation." Code (Ann. Supp.), § 22-1879. It may be argued that these statutes relate only to actions against corporations whose charters expire pending such actions. However, the act of 1938 provided for the prosecution of actions by all corporations after their dissolution as well as for defensive matters. The provision referred to is incorporated in the Code (Ann. Supp.), § 22-1874, as quoted

above. While this latter section does not speak of foreign corporations as such and in express terms, it employs the words "all corporations" which would seem to include foreign as well as domestic corporations.

Under these statutes cited it has been held that a suit by distress warrant levied on corporate property was not abated by the dissolution of the corporation, and that the corporate existence so far continued that the action could be prosecuted and defended in the name of the corporation. *Evans* v. *Ft. Valley Motor Co.*, 52 *Ga. App.* 237 (183 S. E. 96). "A corporation does not necessarily become extinct by the expiration of its charter," and it is no defense to a suit for rent against a tenant in arrears that the charter of the landlord corporation had expired before the institution of the suit and the accrual of the alleged indebtedness. *West* v. *Flynn Realty Corporation*, 53 *Ga. App.* 594 (186 S. E. 753). In an action in which a foreign corporation was the defendant, it was held that its dissolution would not operate to extinguish the demand or cause of action against it in this State. *Mfg. Lumbermen's Underwriters* v. *South Georgia Ry.*, 57 *Ga. App.* 699, 702 (196 S. E. 244). An execution was properly issued in the name of the plaintiff corporation after its dissolution where the judgment was obtained by the corporation before the dissolution. *Byers* v. *Black Motor Co.*, 65 *Ga. App.* 773 (16 S. E. 2d, 478). Somewhat analogous is the ruling that "When a plaintiff dies after judgment has been entered in his favor and before the issuance of execution thereon, the execution should follow the judgment and may be issued in his name." *Mims* v. *McKenzie*, 22 *Ga. App.* 571 (96 S. E. 441).

It was held in *Venable* v. *Southern Granite Company*, 135 *Ga.* 508 (69 S. E. 822, 32 L. R. A. (N. S.) 446), in conformity with the general rule in other jurisdictions, that "if a corporation becomes extinct pending a suit to which it is a party, the suit thereby abates as to such corporation, and any judgment thereafter rendered against it is a nullity *unless some provision is made for the further prosecution of the suit by the laws of the State in which the suit is pending.*" (Italics ours.) The *Venable* case was decided in 1910, before the act of 1918 (Code, § 22-1210) which provided for the continuation to conclusion of suits pending against a corporation notwithstanding its dissolution. And, it

was held in *Nalley Land & Investment Co.* v. *Merchants &c. Bank,* 187 *Ga.* 142 (199 S. E. 815), that the act of 1918 "does expressly provide, not only that such dissolution shall not work the abatement of any suit pending against the corporation at the time of the dissolution (Code, § 22-1210), but that 'suits for the enforcement of any demand or cause of action due by such corporation may to a like extent be instituted and enforced against it in any court having jurisdiction thereof at the time of its dissolution.' "

After a careful consideration of the statute law of this State relating to the survival of corporations, and the decisions of our courts construing and applying these statutes, we have come to the conclusion that the petition for scire facias as brought in this case, in the name of the Mortgage-Bond Company of New York, a foreign corporation, for the use of Telfair Stockton & Company Inc., the beneficial and equitable owner of the dormant judgment sought to be revived, was properly brought and did not abate by reason of the dissolution of the Mortgage-Bond Company after the filing of the petition and during the pendency of the proceeding. By this ruling we are simply saying that we think the laws of this State dealing with the continued existence after dissolution of corporations for certain purposes is applicable alike to domestic and to such foreign corporations as see fit to come into the State to transact their business herein. The general rule has long been settled that "the right of a foreign corporation to engage in business within a State other than that of its creation depends solely on the will of such other State," and it follows that such other State "has the power, if she allows any such companies to enter her confines, to determine the conditions on which the entry shall be made. And, as a necessary consequence of her possession of these powers, she has the right to enforce any conditions imposed by her laws as preliminary to the transaction of business within her confines by a foreign corporation." See *Cooper Company of Gainesville* v. *State,* 187 *Ga.* 497, 500 (3) (1 S. E. 2d, 436).

The conclusion we have reached is supported by other statutes and decisions of our courts. "Scire facias to revive a judgment is not an original action, but the continuation of the suit in which the judgment was obtained." Code, § 110-1005. "The scire facias, when the judgment has been transferred, shall issue in the

name of the original plaintiff for the use of the transferee." § 110-1009. Although a judgment of revival in a scire facias proceeding in the name of a plaintiff as transferee is not void if the court rendering it had jurisdiction, as was held in *Chapman* v. *Taliaferro,* 1 *Ga. App.* 235 (58 S. E. 128), the proper way to bring a scire facias to revive a dormant judgment which has been transferred is in the name of the original plaintiff for the use of the transferee. In the *Chapman* case (page 237), this court said: "There is no question that the requirement of sections 5384, 5979 (§ 110-1009) is plain, and that it is intended, where a judgment has been assigned and has become dormant, that the scire facias to revive it shall proceed in the name, not of the transferee, as in this case, but in the name of the original plaintiff, for the use of the transferee." In the recent case of *Franklin* v. *Mobley,* 73 *Ga. App.* 245 (36 S. E. 2d, 173), this court held that: "While a legal assignment must be in writing, an equitable assignment can be made by an oral agreement; and, while there was no written transfer or assignment of the execution in this case, the equitable owners thereof were entitled to have the execution proceed in the name of the party in whose favor it was issued, for their use. The execution was not proceeding illegally for the want of a party plaintiff." The case just cited was not a scire facias to revive a dormant judgment, and may not be exactly in point, but we think the ruling there is analogous to our ruling here.

The defendants cite a number of cases to sustain their contentions that no suit of any kind can be prosecuted unless it is in the name of a plaintiff having a legal entity, and that upon the dissolution of a corporation it ceases to be a legal entity capable of suing or being sued. Unquestionably these are general rules of law, but they are not without exceptions. One exception is found in the case of corporations, either domestic or foreign, which may sue or be sued for a period of three years, and "until final disposition of all suits begun within that time," after the expiration of their charters or their dissolution as corporate bodies, and after they have ceased to be legal entities for general purposes. Code (Ann. Supp.) § 22-1874. The plaintiff here is in a better position than that described in this statute in that its proceeding to revive the dormant judgment was brought before the dissolution of the plaintiff corporation, and when the proceeding was filed the

plaintiff was a legal entity. The general rules upon which the defendants rely are not applicable to this case for another reason. This is a proceeding by scire facias to revive a dormant judgment, and as already pointed out, "a scire facias to revive a judgment is not an original suit, but is a continuation of another suit, and is to be brought in the court where the judgment was rendered. All the parties to the original judgment must be parties to the proceeding to renew or revive it." *Funderburk* v. *Smith*, 74 *Ga.* 515.

The defendants rely upon other general rules of corporation law to the effect that a corporation is an artificial person, with such powers only as are conferred upon it by the charter granted by the State creating it, and that one State cannot dissolve or extend the life of a corporation created by another State. Citations from the courts of this State, from other jurisdictions and from text writers, are included in the briefs of the defendants supporting these general principles. Most of the Georgia cases cited by the defendants recognizing and applying these principles were decided before the act of 1918 (Code, § 22-1210), and the corporation act of 1938 (Code, Ann. Supp., Chap. 22-18), under which the existence of all corporations doing business in this State is extended or continued for the limited time and for the specified purposes therein stated. No Georgia cases have been cited which hold that these acts are invalid, or that they did not accomplish the evident aims for which they were enacted, or that they do not apply with equal force to all corporations operating in this State whether domestic or foreign. The legislative acts referred to, which are now a part of the codified laws of the State, seem to have established a sound public policy of treating all corporations, whether they be our own offspring or the children of sister States, exactly alike. We can see no injustice, unfairness or discrimination in such a policy.

We think the court erred in sustaining the demurrers as complained of by the plaintiffs.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*